IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WELCH ALLYN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-224 (MN) |
| | ) |
| IRHYTHM TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT IRHYTHM'S OPENING BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS WILLFUL INFRINGEMENT CLAIMS
<u>PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

OF COUNSEL:

J. David Hadden
Allen Wang
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
(650) 988-8500

Melanie L. Mayer
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA  98101
(206) 389- 4510

Robert Edward Counihan
FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY  10010
(212) 430- 2600

April 11, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant
iRhythm Technolgoies, Inc.*

TABLE OF CONTENTS

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ...........................................................1

II. SUMMARY OF THE ARGUMENT ................................................................................1

III. FACTUAL BACKBROUND ............................................................................................2

IV. LEGAL STANDARDS .....................................................................................................4

    A. Motion to Dismiss Under Rule 12(b)(6) ...............................................................4

    B. Willful Infringement ..............................................................................................4

V. ARGUMENT .....................................................................................................................6

    A. The Complaint Fails to Plausibly Allege Knowledge of the Asserted Patents ..................................................................................................................6

    B. The Complaint Fails to Plausibly Allege that iRhythm Knowingly or Intentionally Infringed ...........................................................................................8

VI. CONCLUSION ..................................................................................................................9

TABLE OF AUTHORITIES

Page(s)

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .......................................................................................................... 4, 8

*Boston Sci. Corp. v. Nevro Corp.*,
    415 F. Supp. 3d 482 (D. Del. 2019) ................................................................................... 2, 8

*Callwave Communs. LLC v. AT&T Mobility LLC*,
    C.A. No. 12-1701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014) ................................ 5, 6

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
    C.A. No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012) ............................ 5, 6, 7

*DermaFocus LLC v. Ulthera, Inc.*,
    201 F. Supp. 3d. 465 (D. Del. 2016) .................................................................................. 5, 6

*Malvern Panalytical Ltd. v. Ta Instruments-Waters LLC*,
    C.A. No. 19-2157-RGA, 2021 WL 3856145 (D. Del. Aug. 27, 2021) .................................. 5

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) .................................................................................... 6, 9

*NNCrystal US Corp. v. Nanosys, Inc.*,
    C.A. No. 19-1307-RGA, 2020 WL 616307 (D. Del. Feb. 10, 2020) .................................. 5, 6

*Pact XPP Schweiz AG v. Intel Corp.*,
    C.A. No. 19-1006-JDW, 2023 WL 2631503 (D. Del. Mar. 24, 2023) ................................... 9

*Princeton Digital Image Corp. v. Ubisoft Ent. S.A.*,
    C.A. No. 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ................. 1, 5, 6, 7

*Spherix Inc. v. Juniper Networks, Inc.*,
    C.A. No. 14-578-SLR, 2015 WL 1517508 (D. Del. Mar. 31, 2015) .................................. 5, 6

*TriPlay, Inc. v. WhatsApp Inc.*,
    C.A. No. 13-1703-LPS-CJB, 2018 WL 1479027 (D. Del. Mar. 27, 2018) ........................ 4, 9

*Wrinkl, Inc. v. Facebook, Inc.*,
    C.A. No. 20-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) .............................. 4, 9

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
    528 F. Supp. 3d 257 (D. Del. 2021) ...................................................................................... 9

**R**ULES

Fed. R. Civ. P. 12(b)(6)....................................................................................................1, 4, 9

I.         NATURE AND STAGE OF THE PROCEEDINGS

On February 20, 2024, Welch Allyn, Inc. filed a Complaint against iRhythm Technologies, Inc. asserting claims for direct and willful infringement of U.S. Patent Nos. 8,214,007 ("the '007 patent"); 8,965,492 ("the '492 patent"); 9,155,484 ("the '484 patent"); and 10,159,422 ("the '422 patent") (collectively, the "asserted patents"). D.I. 1 ("Compl."). Because the Complaint fails to plausibly allege that iRhythm had knowledge of the asserted patents or that iRhythm knowingly or intentionally infringed those patents, iRhythm respectfully moves to dismiss Welch Allyn's willful infringement claims under Rule 12(b)(6).

II.        SUMMARY OF THE ARGUMENT

With respect to iRhythm's knowledge of the asserted patents, the Complaint only alleges that iRhythm's outside patent attorney cited the '007 patent—***along with over 960 other references***—during prosecution of one of iRhythm's patent applications. Compl., ¶¶ 47-50, Ex. 18. But even if this knowledge is imputed to iRhythm, merely citing a patent during prosecution is legally insufficient to establish knowledge of that patent for purposes of willful infringement. *Princeton Digit. Image Corp. v. Ubisoft Ent. S.A.*, C.A. No. 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) (a defendant's citation to an asserted patent during prosecution is "generally not sufficient" for willful infringement). In addition, citing to the '007 patent is certainly not sufficient to give iRhythm knowledge of three different patents—the '492, '484, and '422 patents. *Id*. (allegation that defendant cited another patent that makes reference to the asserted patent is "too tenuous to permit the reasonable inference that Defendants had actual knowledge" of the asserted patent).

The Complaint also fails to plausibly allege that iRhythm knowingly or intentionally infringed the asserted patents. It only includes bare, conclusory allegations that iRhythm's infringement was "deliberate, willful and wanton" or that iRhythm was willfully blind, again based

1

on the '007 patent having been cited during prosecution of one of iRhythm's patents. Compl., ¶¶ 55, 60, 65, 72. But as explained above, even if accepted as true, citation to the '007 patent cannot even establish the requisite knowledge of the asserted patents for willful infringement. iRhythm could not have knowingly or intentionally infringed patents it had no knowledge of. There are no other factual allegations to support the bare, conclusory allegations that iRhythm's infringement was "deliberate, willful and wanton" or that iRhythm was willfully blind. The Court need not accept these bare, conclusory allegations as true, and they are not legally sufficient to assert a willful infringement claim. *Boston Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 492, 495 (D. Del. 2019) (granting motion to dismiss willfulness claims where patentee "has not alleged any facts showing that [the defendant] knew that its [accused products] infringe[]" and "merely states" that the infringement "is reckless, knowing, deliberate, and willful").

### III.   FACTUAL BACKBROUND

With respect to iRhythm's alleged knowledge of the '007 patent, the Complaint alleges:

> iRhythm has had knowledge of at least Welch Allyn's '007 Patent since at least August 10, 2021, when iRhythm submitted an Information Disclosure Statement during prosecution of iRhythm's U.S. Patent Nos. [sic] 11,350,864, listing the '007 Patent. *See, e.g.*, Ex. 18 at 3.

Compl., ¶ 47. As shown in Exhibit 18 of the Complaint, the '007 patent is just one of over 960 references that were disclosed to the U.S. Patent Office during prosecution of iRhythm's '864 patent. *Id.*, Ex. 18. The Complaint does not include any factual allegations addressing how a passing citation to the '007 patent—***among 960 others***—by iRhythm's outside patent attorney demonstrates iRhythm's knowledge of this particular patent. Nor could it. As explained below, citing a patent during prosecution is legally insufficient to establish knowledge of that patent for purposes of willful infringement.

The allegations regarding iRhythm's knowledge of the remaining three patents are even more problematic. For the '492, '484, and '422 patents, the Complaint alleges:

> iRhythm has had knowledge, or in the alternative, has remained willfully blind of at least Welch Allyn's ['492 Patent/'484 Patent/'422 Patent] since at least August 10, 2021, when iRhythm submitted an Information Disclosure Statement during prosecution of iRhythm's U.S. Patent Nos. [sic] 11,350,864, listing at least one family member of the ['492 Patent/'484 Patent/'422 Patent]. *See, e.g.*, Ex. 18 at 3 (listing the '007 Patent).

*Id.*, ¶¶ 48-50.   That is, Welch Allyn again relies on ***the '007 patent*** being included among over 960 references that were disclosed to the U.S. Patent Office during prosecution of iRhythm's '864 patent.  Here again, the Complaint does not include any factual basis for how a passing citation to ***the '007 patent***—again, among 960 others—by iRhythm's outside patent attorney could possibly demonstrate iRhythm's knowledge of certain family members of the '007 patent.  Indeed, this allegation is not even legally sufficient to allege knowledge of the '007 patent.  It therefore cannot plausibly allege knowledge of ***family members*** of the '007 patent that are not even identified at all.

The Complaint also does not (and cannot) allege that iRhythm knowingly or intentionally infringed the asserted patents.   For the '007 patent, the Complaint includes one conclusory sentence that is based on the legally insufficient citation of the '007 patent:

> As previously described, iRhythm's infringement has been done with full and express knowledge of the '007 Patent and is therefore deliberate, willful and wanton, as iRhythm has cited the '007 Patent on the face of several of its issued patents. *See, e.g.*, Ex. 18 at 3.

*Id.*, ¶ 55. For the remaining three patents, the Complaint makes identical, conclusory allegations, again based on the legally insufficient citation to the '007 patent:

> As previously described, iRhythm's infringement has been deliberate, willful and wanton, and with full knowledge, or in the alternative, willful blindness of the ['492 Patent/'484 Patent/'422 Patent], as iRhythm has cited at least one family member

3

of the ['492 Patent/'484 Patent/'422 Patent] on the face of several of its issued patents. *See, e.g.*, Ex. 18 at 3 (citing the '007 Patent).

*Id.*, ¶¶ 60, 65, 72. The Complaint does not include any factual allegations regarding how iRhythm could have possibly had "full knowledge" of these patents; how iRhythm was allegedly willfully blind; or how iRhythm's alleged infringement could have been "deliberate," "willful," or "wanton." These conclusory allegations merely recite elements of a willful infringement claim, without any factual support.

## IV.   LEGAL STANDARDS

### A.   Motion to Dismiss Under Rule 12(b)(6)

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face it if contains sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This plausibility standard obligates a plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. In addition, the Court is not required to accept as true bald assertions, unsupported conclusions, or unwarranted inferences. *See TriPlay, Inc. v. WhatsApp Inc.*, C.A. No. 13-1703-LPS-CJB, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018).

### B.   Willful Infringement

"Willful patent infringement is the rare exception, not the rule." *Wrinkl, Inc. v. Facebook, Inc.*, C.A. No. 20-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021) (citing *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987-88 (Fed. Cir. 2021). To state a claim for willful infringement, a plaintiff must plausibly allege that "the accused infringer knew of the

patent-in-suit, and knowingly or intentionally infringed the patent after acquiring that knowledge." *NNCrystal US Corp. v. Nanosys, Inc.*, C.A. No. 19-1307-RGA, 2020 WL 616307, at *4 (D. Del. Feb. 10, 2020) (citing *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378-79 (Fed. Cir. 2020)). With respect to knowledge of the asserted patents, alleging "that a defendant cited or referenced a patent during prosecution" of defendant's own patent application is generally insufficient to support an inference of pre-suit knowledge of that patent. *Princeton Digit.*, 2017 WL 6337188, at *1; *see also Callwave Commc'ns LLC v. AT&T Mobility LLC*, C.A. No. 12-1701-RGA, 2014 WL 5363741, at *2 (D. Del. Jan. 28, 2014) ("citation to the patent in multiple Information Disclosure Statements relating to [defendant's] patents…is insufficient to support an allegation of willfulness"); *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d. 465, 471-73 (D. Del. 2016) (no plausible inference of knowledge of patent that was listed as one of seven prior art references in an IDS during prosecution of defendant's patent application); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) (patent examiner identifying the patent-in-suit as prior art during prosecution of three of defendant's patent applications is not sufficient to show knowledge of that patent); *Spherix Inc. v. Juniper Networks, Inc.*, C.A. No. 14-578-SLR, 2015 WL 1517508, at *3 (D. Del. Mar. 31, 2015) (dismissing willful infringement claims where alleged knowledge of asserted patent was based on it being referenced during prosecution of two of defendant's patents).

As explained above, in addition to knowledge of the patent, the complaint must plausibly allege that the defendant knowingly or intentionally infringed. To survive a motion to dismiss, the complaint must allege "specific factual matter" demonstrating such knowledge or intent. *See, e.g.*, *Malvern Panalytical Ltd. v. Ta Instruments-Waters LLC*, C.A. No. 19-2157-RGA, 2021 WL 3856145, at *3 (D. Del. Aug. 27, 2021) (dismissing willful infringement claims). Although

5

knowledge can be satisfied by "willful blindness," such a showing requires "affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230 (D. Del. 2012) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (willful blindness requires subjective belief "there is a high probability that a fact exists" and "deliberate actions to avoid learning of that fact")).

## V.   ARGUMENT

The Complaint fails to plausibly allege that (1) iRhythm "knew of the patent[s]-in-suit" or that (2) iRhythm "knowingly or intentionally infringed" the asserted patents after acquiring knowledge of them. *NNCrystal.* 2020 WL 616307, at *4. Welch Allyn's claims for willful infringement should be dismissed for failure to state a claim.

### A.   The Complaint Fails to Plausibly Allege Knowledge of the Asserted Patents

With respect to iRhythm's knowledge of the four asserted patents, the Complaint only alleges that iRhythm's outside patent counsel cited the '007 patent—along with over 960 other references—during prosecution of iRhythm's '864 patent. Compl., ¶¶ 47-50, Ex. 18. But courts in this district have repeatedly explained that merely citing a patent during prosecution is not legally sufficient to establish the requisite knowledge of that patent for willful infringement. *Princeton Digit.*, 2017 WL 6337188, at *1; *Callwave*, 2014 WL 5363741, at *2; *DermaFocus,* 201 F. Supp. 3d. at 471-73; *Chalumeau Power,* 2012 WL 6968938, at *1; *Spherix,* 2015 WL 1517508, at *3. For example, in *DermaFocus*, the Court held that there was "no plausible inference" that defendant had knowledge of the asserted patent where it "was one of seven listed 'material references'" cited in an Information Disclosure Statement for defendant's patent application. 201 F. Supp. 3d. at 467-68, 471-73. In *Callwave*, the Court explained that "citation to the [asserted] patent in multiple Information Disclosure Statements relating to [defendant's]

6

patents…[was] insufficient to support an allegation of willfulness." 2014 WL 5363741, at *2. And in *Chalumeau*, the Court held that a patent examiner's citation to the asserted patent during prosecution of three patent applications assigned to defendant was not sufficient to establish knowledge of that patent. 2012 WL 6968938, at *1. Just like in these cases, Welch Allyn's allegation that iRhythm cited the '007 patent—***among over 960 other references***—during prosecution of one of its patent applications is legally insufficient to establish the requisite knowledge of the '007 patent for willful infringement. Indeed, it makes no sense that a party would be deemed to have knowledge of every patent reference ever cited during prosecution of every one of its patent applications, such that it could be liable for willfully infringing all of those patents.

The Complaint's allegation that iRhythm's citation to the '007 patent somehow gave iRhythm knowledge of the '492, '484, and '422 patents is even more implausible. Compl., ¶¶ 55, 60, 65, 72, Ex. 18. Indeed, this allegation requires two leaps of logic. First, that iRhythm somehow would have knowledge of the '007 patent when it is cited among over 960 other references—a leap of logic that Courts in this district have already rejected. Second, that iRhythm somehow would have knowledge of all of the family members of the over 960 references cited during prosecution of iRhythm's patent application—totaling many thousands of references. The Complaint provides no factual basis for either of these leaps of logic. And Courts in this district have rejected them as too tenuous. For example, in *Princeton Digital*, the plaintiff alleged that defendant had knowledge of the asserted patent because it was discussed in another patent that defendant cited during prosecution. 2017 WL 6337188, at *1. The Court explained that this allegation "put two degrees of separation" between defendants and the asserted patent and was therefore "too tenuous to permit the reasonable inference that Defendants had actual knowledge

7

of the [asserted] patent." *Id*. Just like in *Princeton Digital*, the allegation that iRhythm had knowledge of the '492, '484, and '422 patents based on citing a ***different*** patent (the '007 patent) during prosecution involves "two degrees of separation" and cannot support any reasonable inference of knowledge of these three patents.

> **B. The Complaint Fails to Plausibly Allege that iRhythm Knowingly or Intentionally Infringed**

The Complaint also fails to plausibly allege that iRhythm knowingly or intentionally infringed the asserted patents. The Complaint only includes a conclusory sentence that iRhythm's infringement was "deliberate, willful and wanton" based on iRhythm's citation of the '007 patent during prosecution. Compl., ¶¶ 55, 60, 65, 72. As explained above, citation to the '007 patent does not even establish the requisite knowledge of the '007 patent to support a willful infringement claim. And citation to the '007 patent certainly does not establish knowledge of the '492, '484, and '422 patents. iRhythm cannot have knowingly or intentionally infringed patents of which it had no actual knowledge. The Complaint's bare, non-specific, and conclusory allegations that iRhythm's infringement was "deliberate, willful, and wanton" merely recite elements of a willful infringement claim without any factual support and are legally insufficient to allege willful infringement. *Boston Sci. Corp.,* 415 F. Supp. 3d at 495 (granting motion to dismiss willful infringement allegations where patentee "has not alleged any facts showing that [the defendant] knew that its [accused products] infringe[]" and "merely states" that the infringement "is reckless, knowing, deliberate, and willful"); *Twombly*, 550 U.S. at 555 (plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action").

For the '492, '484, and '422 patents, the Complaint also includes a conclusory allegation that iRhythm was willfully blind. Compl., ¶¶ 60, 65, 72. Willful blindness requires "affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit."

8

*MONEC Holding,* 897 F. Supp. 2d at 230. The Complaint does not include any factual allegations identifying affirmative actions that iRhythm took to avoid gaining knowledge of the asserted patents. The Complaint's reference to willful blindness is yet another unsupported assertion that the Court is not required to accept as true. *TriPlay,* 2018 WL 1479027, at *3.

To the extent that Welch Allyn asserts that the Complaint itself establishes iRhythm's knowledge of the asserted patents and knowing infringement of those patents, those allegations are not in the Complaint, and this is also insufficient to allege willful infringement. *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251 (D. Del. 2021); *Wrinkl,* 2021 WL 4477022, at *7-8. As the Court in *Wrinkl* explained, "[w]illful patent infringement is the rare exception, not the rule. . . . [I]f all that is required is the filing of a complaint and a plausible allegation of infringement, then every case would be a willful infringement case." *Id.*; *see also Pact XPP Schweiz AG v. Intel Corp.*, C.A. No. 19-1006-JDW, 2023 WL 2631503, at *5 (D. Del. Mar. 24, 2023) (allowing the complaint to be the basis for willful infringement "would mean all infringement suits involve willful infringement").

## VI. CONCLUSION

For all of the reasons above, iRhythm respectfully requests that Welch Allyn's willful infringement claims be dismissed for failure to state a claim under Rule 12(b)(6).

| | |
|---|---|
| OF COUNSEL:<br><br>J. David Hadden<br>Allen Wang<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA  94041<br>(650) 988-8500<br><br>Melanie L. Mayer<br>FENWICK & WEST LLP<br>401 Union Street, 5th Floor<br>Seattle, WA  98101<br>(206) 389- 4510<br><br>Robert Edward Counihan<br>FENWICK & WEST LLP<br>902 Broadway, 18th Floor<br>New York, NY  10010<br>(212) 430- 2600<br><br>April 11, 2024 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Brian P. Egan*<br><br>Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>began@morrisnichols.com<br><br>*Attorneys for Defendant*<br>*iRhythm Technolgoies, Inc.* |

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on April 11, 2022, upon the following in the manner indicated:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>POTTER ANDERSON & CORROON LLP<br>P.O. Box 951<br>Wilmington, DE  19899<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jeffrey R. Gargano, Esquire<br>Devon C. Beane, Esquire<br>Melissa M. Haulcomb, Esquire<br>Rebekah Hill, Esquire<br>K& L GATES LLP<br>70 West Madison Street, Suite 3300<br>Chicago, IL  60602<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Erik J. Halverson, Esquire<br>K& L GATES LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, CA  94111<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Brian P. Egan*

Brian P. Egan (#6227)