IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WELCH ALLYN, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-224 (MN) |
| | ) |
| IRHYTHM TECHNOLOGIES, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT IRHYTHM TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS WILLFUL INFRINGEMENT CLAIMS IN FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

OF COUNSEL:

J. David Hadden
Allen Wang
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Melanie L. Mayer
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
(206) 389- 4510

Robert Edward Counihan
FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY 10010
(212) 430- 2600

June 12, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendant*

TABLE OF CONTENTS

Page

I. WELCH ALLYN CANNOT ADD NEW ALLEGATIONS IN ITS BRIEF ........................1

    A. Allegations Based on the First Complaint Are Not in the FAC ...............................2

    B. Allegations Based on Exhibit A of Welch Allyn's Brief Are Not in the FAC............................................................................................................................2

II. THE FAC FAILS TO PLAUSIBLY ALLEGE IRHYTHM'S KNOWLEDGE OF THE '492, '484, AND '422 PATENTS......................................................................................3

III. THE FAC FAILS TO PLAUSIBLY ALLEGE IRHYTHM'S KNOWLEDGE OF THE '007 PATENT ...................................................................................................................5

IV. THE FAC FAILS TO PLAUSIBLY ALLEGE IRHYTHM KNOWINGLY OR INTENTIONALLY INFRINGED THE ASSERTED PATENTS ......................................8

V. CONCLUSION..................................................................................................................10

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Biomérieux, S.A. v. Hologic, Inc.*,
  C.A. No. 18-21-LPS, 2018 WL 4603267 (D. Del. Sept. 25, 2018)............................................7

*Boston Sci. Corp. v. Nevro Corp.*,
  415 F. Supp. 3d 482 (D. Del. 2019).......................................................................................10

*Callwave Commc'ns LLC v. AT&T Mobility LLC*,
  C.A. No. 12-1701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014) ...................................6, 8

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
  C.A. No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012).....................................6, 8

*Commonwealth ex rel. Zimmerman v. PepsiCo, Inc.*,
  836 F.2d 173 (3d Cir. 1988).......................................................................................................1

*DermaFocus LLC v. Ulthera, Inc.*,
  201 F. Supp. 3d 465 (D. Del. 2016)......................................................................................6, 8

*Finjan, Inc. v. Juniper Networks, Inc.*,
  C.A. No. 17-5659-WHA, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018)...................................4

*Foote v. Mehrotra*,
  C.A. No. 21-169, 2023 WL 7214728 (D. Del. Nov. 2, 2023) ...................................................1

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011)...................................................................................................................9

*iFIT Inc. v. Peloton Interactive, Inc.*
  C.A. No. 21-507-RGA, 2022 WL 609605 (D. Del. Jan. 28, 2022) ..........................................5

*Intellectual Ventures I LLC v. AT&T Mobility LLC*,
  69 F.Supp.3d 461 (D. Del. 2014).............................................................................................7

*Kaufman v. Microsoft Corp.*,
  C.A. No. 16-2880 (AKH), 2020 WL 364136 (S.D.N.Y. Jan. 22, 2020) ..................................5

*M2M Sols. LLC v. Telit Commc'ns PLC*,
  C.A. No. 14-1103-RGA, 2015 WL 4640400 (D. Del. Aug. 5, 2015).......................................1

*Malvern Panalytical Ltd v. Ta Instruments-Waters LLC*,
  C.A. No. 19-2157-RGA, 2021 WL 3856145 (D. Del. Aug. 27, 2021).....................................4

*Molins PLC v. Textron, Inc.*,
  48 F.3d 1172 (Fed. Cir. 1995)...............................................................................................7, 8

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012)..........................................................................................9

TABLE OF AUTHORITIES
(CONTINUED)

Page(s)

*Monolithic Power Sys., Inc. v. Silergy Corp.*,
   127 F. Supp. 3d 1071 (N.D. Cal. 2015) ...............................................................................2

*Nami v. Fauver*,
   82 F.3d 63 (3d Cir. 1996) .....................................................................................................3

*Princeton Digit. Image Corp. v. Ubisoft Ent. S.A.*,
   C.A. No. 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ..............................6

*Pryor v. Nat'l Collegiate Athletic Ass'n*,
   288 F.3d 548 (3d Cir. 2002)...................................................................................................1

*Ravgen, Inc. v. Ariosa Diagnostics, Inc.*,
   C.A. No. 20-1646-RGA-JLH, 2021 WL 3526178 (D. Del. Aug. 11, 2021) .............................7

*Robocast, Inc. v. YouTube, LLC*,
   C.A. No. 22-304-RGA, 2022 WL 16922035 (D. Del. Nov. 14, 2022).................................6, 7

*Spherix Inc. v. Juniper Networks, Inc.*,
   C.A. No. 14-578-SLR, 2015 WL 1517508 (D. Del. Mar. 31, 2015)....................................6, 8

*Tot Power Control, S.L. v. Apple Inc.*,
   C.A. No. 21-1302-MN, D.I. 246 (D. Del. May 22, 2024) (attached as Ex. 2 to Mayer
   Decl.).....................................................................................................................................3

*Välinge Innovation AB v. Halstead New England Corp.*,
   C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ............................10

*VLSI Tech. LLC v. Intel Corp.*,
   C.A. No. 18-966-CFC, 2020 WL 3488584 (D. Del. June 26, 2020) ..................................4, 9

*Wrinkl, Inc. v. Facebook, Inc.*,
   C.A. No. 20-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021) ...................................8

*Xpoint Techs. Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010)....................................................................................8, 9

**RULES**

Fed. R. Civ. P. 12(b)(6)................................................................................................................10

Fed. R. Civ. P. 15.........................................................................................................................10

Rule 56...........................................................................................................................................7

Welch Allyn is not correct that the pleading standard for willful infringement is "simply…put[ting] iRhythm on notice." Opp. at 7. Instead, the FAC must plausibly allege that iRhythm had knowledge of the asserted patents and knowingly or intentionally infringed those patents. The FAC fails to do that. Welch Allyn attempts to supplement its FAC through new allegations in its brief and argues that additional facts will be uncovered during discovery. But in ruling on this motion, the Court must consider the FAC, not new allegations in a brief or facts that could be discovered later. Welch Allyn's willful infringement claims should be dismissed.

I.   **WELCH ALLYN CANNOT ADD NEW ALLEGATIONS IN ITS BRIEF**

Welch Allyn's opposition brief adds new allegations that are not in the FAC, including (1) allegations that iRhythm had knowledge based on the first complaint (Opp. at 18-20) and (2) allegations that iRhythm's founder, Uday Kumar, monitored the IP landscape (*id.* at 3, Ex. A). But, in ruling on a motion to dismiss, the Court cannot consider new allegations in a brief. *See M2M Sols. LLC v. Telit Commc'ns PLC*, C.A. No. 14-1103-RGA, 2015 WL 4640400, at *3 (D. Del. Aug. 5, 2015) (dismissing infringement claim against subsidiary where facts alleged to support parent's control were in brief opposing dismissal, not in complaint). Indeed, "[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Commonwealth ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988).

Welch Allyn cites *Foote* and *Pryor* for its argument that the Court can consider documents outside of the FAC. Opp. at 15. But in *Foote*, the Court only took judicial notice of a company's Delaware Articles of Incorporation to confirm that Delaware law applied. C.A. No. 21-00169, 2023 WL 7214728, at *9 (D. Del. Nov. 2, 2023). And in *Pryor,* the Third Circuit upheld dismissal of ADA claims, finding no error in the district court considering a prior litigation as precedent (not for adding factual allegations). 288 F.3d 548, 559-60 (3d Cir. 2002). Neither *Foote* nor *Pryor* allow a court to consider new allegations or documents in a brief.

1

### A.     Allegations Based on the First Complaint Are Not in the FAC

Welch Allyn asserts that the motion to dismiss should be denied with respect to any infringing activity post-February 20, 2024 because iRhythm was on notice of its willful infringement claim since the filing of the original complaint. Opp. at 18.  As Welch Allyn points out, judges in this District have taken different views on whether allegations in a first-filed complaint can provide the basis for asserting willful infringement in an amended complaint.  But the Court need not take a position on this point because, here, there are ***no allegations in the FAC*** directed to post-February 20, 2024 knowledge of the asserted patents or willful infringement based on the filing of the original complaint.  In deciding this motion, the Court can only consider the FAC, not new allegations first appearing in Welch Allyn's brief.

### B.     Allegations Based on Exhibit A of Welch Allyn's Brief Are Not in the FAC

Welch Allyn also adds new allegations based on Exhibit A to its brief, which it characterizes as showing that Uday Kumar, a founder of iRhythm, conducted IP searches and continued to monitor the IP landscape. Opp. at 3, 6, 10, 16.  Here again, Exhibit A is ***not attached, incorporated by reference, or even mentioned in the FAC***.  Welch Allyn cannot supplement the allegations in the FAC by attaching documents to its brief.  In addition, even if the Court could consider Exhibit A, it does not show that iRhythm had knowledge of the asserted patents.  Uday Kumar left iRhythm in June 2011.  Mayer Decl., Ex. 1 at 3.  Therefore, even if Uday Kumar did "conduct[] IP searches" and "continued to monitor the IP landscape" during his time at iRhythm, he could not have found the asserted patents because the '007 patent did not issue until July 3, 2012, with the other three not issuing until 2015 ('492 and '484 patents) and 2018 ('422 patent).  *See Monolithic Power Sys., Inc. v. Silergy Corp.*, 127 F. Supp. 3d 1071, 1074 (N.D. Cal. 2015) (allegation that employee had knowledge of asserted patents was "implausible" where employee left the company before patents issued).  Exhibit A also does not identify any other

employee of iRhythm as monitoring the IP landscape or suggest that any monitoring occurred after Mr. Kumar left the company.

## II. THE FAC FAILS TO PLAUSIBLY ALLEGE IRHYTHM'S KNOWLEDGE OF THE '492, '484, AND '422 PATENTS

Welch Allyn does not dispute that the FAC does not include any allegation that the '492, '484, and '422 patents were ever brought to iRhythm's attention. Instead, the FAC asserts that iRhythm allegedly had knowledge of these patents when iRhythm submitted an IDS listing a ***different patent***—the '007 patent. Opp. at 2-3, 6 (citing FAC, ¶¶ 17 n.1, 60-62).[1] But even assuming iRhythm had knowledge of the '007 patent, this does not give iRhythm knowledge of three different patents. *See Tot Power Control, S.L. v. Apple Inc.*, C.A. No. 21-1302-MN, D.I. 246 at ¶ 16 (D. Del. May 22, 2024) (attached as Ex. 2 to Mayer Decl.) (knowledge of one patent is not sufficient to establish knowledge of related asserted patents). Indeed, Welch Allyn does not identify ***any case*** that supports its argument. Such a result would be nonsensical and would thrust upon parties a crippling duty to investigate all family members of any patent brought to its attention. It is also undisputed that the allegations that iRhythm had knowledge of the '484 and '422 patents "since at least October 6, 2015" are impossible because these patents did not even issue until after that date. *See Nami v. Fauver*, 82 F.3d 63, 69 (3d Cir. 1996) (Court is not obligated to accept as true allegations that are "self-evidently false").

With no plausible factual allegations directed to iRhythm's knowledge of the '492, '484, and '422 patents, Welch Allyn points to the conclusory allegation that "[u]pon information and belief, iRhythm monitors products and patent filings of its competitors, including Welch Allyn."

---

[1] Welch Allyn points to footnote 1 of the FAC, which describes the Asserted Patents as having "nearl[y] identical" specifications. But iRhythm cannot infringe a patent specification, only patent claims, and there is no plausible allegation in the FAC that iRhythm had knowledge of the claims of the '492, '484, and '422 patents.

Opp. at 6 (citing FAC, ¶¶ 47-48). But as explained in the opening brief, courts have consistently found general allegations about parties monitoring competitors to be insufficient to establish the requisite knowledge for willful infringement. Op. Br. at 10; *see Malvern Panalytical Ltd v. Ta Instruments-Waters LLC*, C.A. No. 19-2157-RGA, 2021 WL 3856145, at *3 (D. Del. Aug. 27, 2021) (allegation that "Defendants acquired pre-suit knowledge of the Asserted Patents and infringement of the Asserted Patents through Defendants' competitive intelligence, research and development, sales, and marketing activities" not sufficient); *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2020 WL 3488584, at *5 (D. Del. June 26, 2020) (allegations that Intel "monitored its competitors' activities" did not plausibly establish that Intel had knowledge of the two asserted patents or knowingly infringed those patents); *Finjan, Inc. v. Juniper Networks, Inc.*, C.A. No. 17-5659-WHA, 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018) (dismissing willful infringement claims where complaint generally alleged defendant had knowledge of plaintiff's patent portfolio). Welch Allyn does not dispute that such general allegations are insufficient or cite any contrary authority. Instead, Welch Allyn tries to improperly supplement its FAC with new allegations based on Exhibit A to its brief, which it cannot do.

Welch Allyn also attempts to distinguish the *Malvern* and *Finjan* cases by arguing that the FAC here also includes an allegation that the '007 patent and the Baker '953 Publication were cited in IDS's. Opp. at 14-16 (citing FAC, ¶¶ 47-62). But this requires the two leaps of logic explained in the opening brief: first, that iRhythm would somehow have knowledge of the '007 patent claims when it is included among hundreds of other references in an IDS and, second, that iRhythm would somehow have knowledge of all family members of those hundreds of references. This is the same "two degrees of separation" that *Princeton Digital* explained was too tenuous.

4

Welch Allyn tellingly does not cite any case that supports the two leaps of logic it advocates that the Court take here.

### III. THE FAC FAILS TO PLAUSIBLY ALLEGE IRHYTHM'S KNOWLEDGE OF THE '007 PATENT

Allegations directed to the Baker '953 Publication do not show knowledge of the '007 patent. As explained in the opening brief, "[k]nowledge of a patent application…is not enough to establish knowledge of the patent(s) that issued from that application and therefore not enough to establish willfulness." *iFIT Inc. v. Peloton Interactive, Inc*. C.A. No. 21-507-RGA, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022)); *Kaufman v. Microsoft Corp*., C.A. No. 16-2880 (AKH), 2020 WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020) ("Knowledge of patent applications, even applications for the patent at issue, do not establish knowledge of the patent."). This makes sense because only an issued patent has claims that can be infringed; a patent application does not. Welch Allyn cites no contrary case law. Therefore, the FAC's allegations that iRhythm's patent counsel discussed the Baker '953 Publication with the examiner and cited it in IDS's cannot supply the requisite knowledge of the '007 patent (or any other asserted patent).

Welch Allyn represents that iRhythm "provided detailed analyses" of the '007 patent to the examiner. Opp. at 4 (citing FAC, ¶¶ 52-57). This is not correct. The FAC points to a single office action response that explains how the Baker '953 Publication is different from iRhythm's pending claims, and then the FAC acknowledges that the examiner agreed and allowed iRhythm's claims. FAC, ¶¶ 52-57, Ex. 21. The '007 patent was never even mentioned in this office action response. Indeed, the FAC does not identify any discussion with any patent examiner about the '007 patent.

What is left is the allegation that the '007 patent was cited—among hundreds of other references—in IDS's. Courts in this District have repeatedly explained that merely citing a patent during prosecution is not legally sufficient to establish the requisite knowledge of that patent for

5

willful infringement. *See Princeton Digit. Image Corp. v. Ubisoft Ent. S.A.*, C.A. No. 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) (a defendant's citation to an asserted patent during prosecution is "generally not sufficient" for willful infringement); *Callwave Commc'ns LLC v. AT&T Mobility LLC*, C.A. No. 12-1701-RGA, 2014 WL 5363741, at *2 (D. Del. Jan. 28, 2014) ("citation to the patent in multiple Information Disclosure Statements …is insufficient to support an allegation of willfulness"); *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 471-73 (D. Del. 2016) (no plausible inference of knowledge of patent that was listed as one of seven prior art references in an IDS during prosecution of defendant's patent application); *Chalumeau Power Sys. LLC v. Alcatel-Lucent*, C.A. No. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) (patent examiner identifying the patent as prior art during prosecution of three of defendant's patent applications is not sufficient to show knowledge of that patent); *Spherix Inc. v. Juniper Networks, Inc.*, C.A. No. 14-578-SLR, 2015 WL 1517508, at *3 (D. Del. Mar. 31, 2015) (dismissing willful infringement claims where alleged knowledge of patent was based on it being referenced during prosecution of defendant's patents). Welch Allyn tries to distinguish some of these cases by arguing that the FAC also includes allegations about the Baker '953 Publication and monitoring competitors' activities. Opp. at 10-14. But as explained above, those allegations cannot establish the requisite knowledge for willful infringement either. Even cumulatively, these allegations do not plausibly show that iRhythm had knowledge of the patent claims and knowingly infringed.

The four cases that Welch Allyn cites involve inapposite facts that are not present here. In *Robocast, Inc. v. YouTube, LLC*, the Court **granted** defendant's motion to dismiss with respect to willful infringement claims directed to two of the three asserted patents. C.A. No. 22-304-RGA, 2022 WL 16922035, at *3 (D. Del. Nov. 14, 2022). For the final patent, defendant did not dispute

6

that it had knowledge of that patent as the defendant had used that patent in its invalidity contentions in another litigation. *Id.* at *2-4. In *Ravgen, Inc. v. Ariosa Diagnostics, Inc.*, the defendant "acknowledge[d] that [it] had pre-suit knowledge of the asserted patents," including through letters specifically identifying the asserted patents and by presenting "substantive arguments about them before the PTO in both IPRs and reexamination proceedings." C.A. No. 20-1646-RGA-JLH, 2021 WL 3526178, at *3 (D. Del. Aug. 11, 2021). In *Intellectual Ventures I LLC v. AT&T Mobility LLC*, the defendant "brought [the patent] to the attention of the examiner" and "referenced the [asserted patent] as prior art." 69 F. Supp. 3d 461, 465-466 (D. Del. 2014). And in *BioMérieux, S.A. v. Hologic, Inc.*, the defendants had "actual knowledge" of the patents through a "years-long campaign…to revoke the European counterparts to" the asserted patents. C.A. No. 18-21-LPS, 2018 WL 4603267, at *5 (D. Del. Sept. 25, 2018).

Welch Allyn argues that "iRhythm decided that the '007 patent and the Baker '953 Publication were material prior art to many of its patents." Opp. at 13. As an initial matter, that allegation is not in the FAC. But more importantly, it is pure speculation. In accordance with his duty of disclosure and candor under Rule 56, iRhythm's outside patent attorney included the '007 patent and the Baker '953 Publication in IDS's because the examiner had identified the Baker '953 Publication in an office action. There was no analysis of the '007 patent, much less a decision that it was material prior art. Similarly, there are multiple IDS's identifying the '007 patent because an IDS was filed in all patent applications in the patent family. This does not mean that anyone at iRhythm analyzed the '007 patent, reviewed the claims, assessed infringement, or determined it was material prior art.

Welch Allyn cites *Molins PLC v. Textron, Inc.*, 48 F.3d 1172 (Fed. Cir. 1995) for its argument that the "actions of outside counsel during patent prosecution are the actions of the

7

applicant." Opp. at 11-12. But *Molins* just explains that inequitable conduct by outside patent counsel is chargeable to the patent applicant. 48 F.3d at 1178. Welch Allyn does not cite any case holding that knowledge in the head of patent counsel is imputed to that counsel's clients for purposes of willful infringement.

Welch Allyn also tries to shrug off the fact that the '007 patent was one of more than 320 other references cited in the IDS's. According to Welch Allyn, a company should be deemed to willfully infringe all of the thousands of patents that are included in every one of its IDS's across its entire patent portfolio, as well as all family members of those disclosed patents. But as the cases from this District acknowledge, that does not make sense. "Willful patent infringement is the rare exception, not the rule." *Wrinkl, Inc. v. Facebook, Inc.*, C.A. No. 20-1345-RGA, 2021 WL 4477022, at *7 (D. Del. Sept. 30, 2021). Just as in *Princeton Digital, Callwave, DermaFocus, Chalumeau,* and *Spherix*, iRhythm's patent counsel's inclusion of the '007 patent in IDS's cannot supply the requisite knowledge of that patent for willful infringement—let alone for the '492, '484, and '422 patents, which were never identified anywhere.

**IV.   THE FAC FAILS TO PLAUSIBLY ALLEGE IRHYTHM KNOWINGLY OR INTENTIONALLY INFRINGED THE ASSERTED PATENTS**

The only allegations in the FAC regarding iRhythm's knowing or intentional infringement are the conclusory sentences that iRhythm's infringement was "deliberate, willful and wanton" based on iRhythm including the '007 patent in IDS's. Opp. at 8 (citing FAC, ¶¶ 67, 72, 77, 84). Welch Allyn cites *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010) in support of its argument that this conclusory sentence is enough. *Id.* However, the plaintiff in *Xpoint* provided much more than a conclusory sentence and instead included "several paragraphs" of allegations that defendant HP had knowledge of the asserted patents based on the parties "exchang[ing] proprietary information…pursuant to a materials license agreement" and

8

that the "employees who were involved in negotiating the agreement remained employed with HP" and "knew or should have known" of the infringement. 730 F. Supp. 2d at 357. More importantly, the Court in *Xpoint* found that a conclusory allegation—like the one here—that two other defendants "had actual and constructive notice that their conduct infringed on the claims of the [asserted p]atent but nevertheless continued their infringing conduct" was ***not*** sufficient. *Id*. at 356. *Xpoint* does not help Welch Allyn and instead reinforces that what is pled in the FAC is not enough.

The FAC's conclusory allegation that iRhythm was willfully blind with respect to the '492, '484, and '422 patents is also not sufficient. FAC, ¶¶ 72, 77, 84. As explained in the opening brief, willful blindness requires "affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230 (D. Del. 2012) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011) (willful blindness requires subjective belief "there is a high probability that a fact exists" and "deliberate actions to avoid learning of that fact"))). Welch Allyn does not dispute that the FAC does ***not include any*** allegations directed to deliberate actions that iRhythm took to avoid gaining knowledge of the patents. Instead, it argues that "prevailing precedent" does not require the FAC to identify deliberate actions for willful blindness, and it suggests that *MONEC* is no longer good law because it relied on the "now defunct *Seagate* test." Opp. at 17-18. But *MONEC* is citing Supreme Court precedent (*Global-Tech Appliances*) for the requirements of willful blindness, and this was not undermined by *Halo*. Indeed, numerous post-*Halo* cases from this District confirm that willful blindness requires the defendant take deliberate actions. *See, e.g.*, *VLSI Tech.*, 2020 WL 3488584, at *2. Welch Allyn tellingly cites no contrary "prevailing precedent."

9

Welch Allyn cites *Boston Scientific* and *Välinge* for the proposition that the complaint must include plausible allegations that defendant had both knowledge of the asserted patent and knowingly or intentionally infringed that patent. Opp. at 17. But iRhythm is not advocating for a different standard—the point is that the **conclusory** sentences in the FAC do not provide any **plausible** allegations that iRhythm engaged in knowing or intentional infringement. Indeed, the Courts in *Boston Scientific* and *Välinge* found that the complaints in those cases failed to plausibly allege willful infringement and those claims were therefore dismissed. Particularly relevant here, in *Boston Scientific*, the defendant did not dispute that it had knowledge of the asserted patent, but the willful infringement claims were nonetheless dismissed because, with respect to knowing or intentional infringement, the complaint only included a conclusory allegation that defendant's "infringement is reckless, knowing, deliberate, and willful." 415 F. Supp.3d 482, 495 (D. Del. 2019). The same is true here, and Welch Allyn's willful infringement claims should likewise be dismissed.

Finally, Welch Allyn argues that its willful infringement claims should not be dismissed because "discovery has not yet commenced," and it might find facts to support these claims later. Opp. at 4. Welch Allyn tellingly does not cite any case supporting this argument. This is clearly not the standard. If Welch Allyn uncovers facts during discovery that support a willful infringement claim, it can seek leave to add that claim at that time. Fed. R. Civ. P. 15. But the current FAC fails to plausibly allege that iRhythm had knowledge of the asserted patents or that it knowingly or intentionally infringed, and the willful infringement claims should be dismissed.

V.  **CONCLUSION**

iRhythm respectfully requests that Welch Allyn's claims for willful infringement in the FAC be dismissed for failure to state a claim under Rule 12(b)(6).

|  |  |
|---|---|
| OF COUNSEL:<br><br>J. David Hadden<br>Allen Wang<br>FENWICK & WEST LLP<br>801 California Street<br>Mountain View, CA  94041<br>(650) 988-8500<br><br>Melanie L. Mayer<br>FENWICK & WEST LLP<br>401 Union Street, 5th Floor<br>Seattle, WA  98101<br>(206) 389- 4510<br><br>Robert Edward Counihan<br>FENWICK & WEST LLP<br>902 Broadway, 18th Floor<br>New York, NY  10010<br>(212) 430- 2600<br><br>June 12, 2024 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Brian P. Egan*<br><br>Jack B. Blumenfeld (#1014)<br>Brian P. Egan (#6227)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>began@morrisnichols.com<br><br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on June 12, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Philip A. Rovner, Esquire<br>POTTER ANDERSON & CORROON LLP<br>P.O. Box 951<br>Wilmington, DE  19899<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Jeffrey R. Gargano, Esquire<br>Devon C. Beane, Esquire<br>Melissa M. Haulcomb, Esquire<br>Rebekah Hill, Esquire<br>K&L GATES LLP<br>70 West Madison Street, Suite 3300<br>Chicago, IL  60602<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Erik J. Halverson, Esquire<br>K&L GATES LLP<br>4 Embarcadero Center, Suite 1200<br>San Francisco, CA  94111<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

/s/ *Brian P. Egan*

Brian P. Egan (#6227)