**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WELCH ALLYN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 24-224-MN |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| IRHYTHM TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

Plaintiff Welch Allyn, Inc. ("Welch Allyn") and Defendant iRhythm Technologies, Inc. ("iRhythm") (collectively with the Plaintiff, the "Parties") hereby stipulate to the entry of the following protective order in the above-captioned matter (the "Action").

1.    **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the Action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action may be warranted. Accordingly, the Parties hereby stipulate to, and request that the Court enter, the following Stipulated Protective Order (this "Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under applicable law.

2.    **<u>DEFINITIONS</u>**

Words shall have their normally accepted meanings as employed in this Order.  The word "shall" is mandatory.  The words "includes" and "including" are not limiting.  The singular shall include the plural and vice versa.  Additionally, the following terms shall have the listed definitions:

2.1.    <u>Challenging Party</u>: a Party that challenges the designation of information or items under this Order.

2.2.    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that the Designating Party believes in good faith includes information not generally known to others and that it (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy, including without limitation information or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3.    <u>Confidentiality Legend</u>: a label indicating Disclosure of Discovery Material deemed Protected Material by the Designating Party.  For "CONFIDENTIAL" Information or Items, the Confidentiality Legend is "CONFIDENTIAL."  For "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," the Confidentiality Legend is "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."  For "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE", the Confidentiality Legend is "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE."

2.4.    <u>Counsel</u>: Outside counsel of Record and In-House Legal Personnel (as well as their support staff).

2.5.    <u>Designated In-House Legal Personnel</u>: One (1) In-House Legal Personnel responsible for managing the Action who have been identified as Designated In-House Legal Personnel to the other Party in the Action for which the Designated In-House Legal Personnel is to be designated, who have been approved pursuant to Section 7.5, below, and who have signed the "Acknowledgment and Agreement to Be Bound" (<u>Exhibit A</u>).  For the avoidance of doubt, Designated In-House Legal Personnel need not be identified to or approved under Section 7.5 by any Non-Party in the Action.

2.6.    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in response to discovery requests as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE."

2.7.    <u>Disclosure of Discovery Material</u>: all information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts), and tangible things that are produced or generated in disclosures or responses to discovery requests in the Action.

2.8.    <u>Document</u>: as used herein, the term "document" shall have the meaning set forth in Fed. R. Civ. P. 34.

2.9.    <u>Excluded Material:</u>   Certain categories of confidential, proprietary, or private information of such a sensitive nature that the risks associated with its production outweigh its potential probative value in the Action and/or certain sources of confidential, proprietary, or private

information that are burdensome to access and that burden is disproportionate to the needs of the case.

2.10.    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the Action who (1) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in the Action, (2) is not a current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.11.    <u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY"</u> <u>Information or Items</u>: highly sensitive and/or trade secret type "CONFIDENTIAL" Information or Items, disclosure of which to a Party or Non-Party would create a risk of significant harm.

2.12.    <u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE</u> <u>CODE" Information or Items</u>: Source Code, disclosure of which to a Party or Non-Party would create a risk of significant harm.

2.13.    <u>In-House Legal Personnel</u>: attorneys or other personnel employed by a Party to the above-captioned Action who are responsible for managing the Action and/or have other legal duties to the Party.  In-House Legal Personnel does not include Outside Counsel of Record or any other outside counsel.

2.14.    <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

2.15.    <u>Outside Counsel of Record</u>: attorneys who represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are employed by a law firm which has appeared on behalf of that Party.

2.16.  <u>Party</u>: a party to the Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.17.  <u>Producing Party</u>: a Party or Non-Party that produces Disclosure of Discovery Material in the Action.

2.18.  <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.19.  <u>Protected Material</u>: any Disclosure of Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE," as provided for in this Order.  Protected Material shall not include:  (i) advertising materials that have been actually published or publicly disseminated; and (ii) materials that show on their face they have been disseminated to the public.

2.20.  <u>Receiving Party</u>: a Party that receives Disclosure of Discovery Material.

2.21.  <u>Relevant Technology</u>: medical grade electrocardiogram ("ECG") monitoring technology including portable wearable ECG monitors, continuous cardiac activity recording, collecting and processing ECG data, detecting cardiac anomalies, transmitting recorded ECG data to healthcare providers, and real-time analysis of ECG data.  For the avoidance of doubt, the Parties agree that this definition of "Relevant Technology" is for purposes of this Protective Order only.

2.22.  "Source Code" means computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), descriptions of source code (e.g., descriptions of declarations, functions, and parameters), object code listings and descriptions of

object code, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and native Computer Aided Design (CAD) files that describe the hardware design of any component, the disclosure of which to another Party or Non-Party is likely to cause significant harm or competitive disadvantage to the Producing Party. For the avoidance of doubt, still images of CAD files are not Source Code and are not subject to the disclosure and review restrictions in Section 7.6. Still images of CAD files may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY," as provided for in this Order.

3.    **<u>SCOPE</u>**

The protection conferred by this Order covers Protected Material produced in discovery in the Action as well as (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material; and (d) any tests, reports, analyses, or other information that may be derived from Protected Material. However, the protections conferred by this Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

For the avoidance of doubt, nothing herein shall affect the right of the Designating Party to disclose its own information as it sees fit. Such disclosure shall not waive the protections of

this Protective Order and shall not entitle other Parties or their attorneys to disclose such information in violation of it, unless by such disclosure by the Designating Party the information has become public knowledge. Similarly, the Protective Order shall not preclude a Party from showing its own information to its officers, directors, employees, attorneys, consultants or experts, or to any other person.

**4.    DURATION**

Even after Final Disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

This Court will retain jurisdiction to enforce the terms of this Order following the Final Disposition of the Action.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Available Designations</u>.    Any Producing Party may designate Disclosure of Discovery Material with any of the following designations, provided that it meets the requirements for such designations as provided for herein: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE."

5.2.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care

to limit any such designation to material that qualifies under the appropriate standards.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify the other Party that it is withdrawing the mistaken designation and shall produce an appropriately marked substitute version of the information or items.

5.3.    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (e.g., second paragraph of Section 5.3(a) below), or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    <u>for information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the appropriate Confidentiality Legend to each page that contains Protected Material.  In the case of native file production, a Producing Party shall (i) append to each native file production file name the appropriate Confidentiality Legend, (ii) produce the native file with an accompanying slipsheet bearing the appropriate Confidentiality Legend, or (iii) otherwise designate such production in a manner agreed to by the Parties in writing.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE."  Source Code inspection shall be

governed by Section 7.6.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or pages thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the appropriate Confidentiality Legend to each document or page of a document that contains Protected Material.

(b)    for testimony given in deposition or other pretrial proceedings, a Designating Party may identify the specific portions of testimony as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" on the record during the deposition or for a period of ten (10) business days after receipt by Outside Counsel of Record of a final transcript.  A Designating Party may, if appropriate and in good faith (e.g., where a substantial portion of the overall testimony concerns confidential material, making specific designations burdensome), designate the entire transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

Any rough transcript that is generated before receipt by Outside Counsel of Record of a final transcript shall be treated, until the expiration of the 10-day period after Outside Counsel of Record receives the final transcript, as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in its entirety unless otherwise agreed.  Upon the expiration of 10 days after receipt of the final transcript, only those portions of the rough transcript corresponding to the final transcript that are timely designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" shall be so designated in the rough transcript, unless the entirety of the transcript has been designated as Protected Information pursuant to the first paragraph of Section 5.3(b), or otherwise agreed to by the Parties.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as Protected Material.

(c)    for information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the appropriate Confidentiality Legend.  If only a portion of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.4.    Inadvertent Failures to Designate.  The inadvertent disclosure or production of any information, document, or tangible item without the designation of this Order shall not constitute a waiver of any claim of confidentiality.  Where such undesignated disclosure or production resulted from inadvertence or mistake on the part of the Producing Party, such inadvertence or mistake shall be brought to the attention of the Receiving Party promptly after its discovery. Within ten (10) business days of the notice of such inadvertent or mistaken undesignated disclosure or production, the Producing Party shall provide properly designated documents or tangible items, if applicable.  Upon receipt of such notice and properly designated documents or tangible items, if applicable, the Receiving Party shall substitute properly designated copies for those previously received, destroy the previously received copies, and treat the information contained in or derived from said replaced documents or tangible items as Protected Material.

5.5.    Excluded Material.  The Parties hereby stipulate that the following categories and sources of Excluded Material shall be protected and presumptively exempt from discovery by any other Party or Non-Party in this Action pursuant to this Protective Order:

- Personal digital assistants;

- Mobile devices;

- Voicemail systems;

- Instant messaging logs; and

- Back-up tapes or long-term storage media that were created strictly for use as a data back-up medium.

Absent Court order to the contrary, no Party shall be required to produce any of the foregoing categories of Excluded Material, and may cite this Section as a basis for objecting to a request for production or inspection of such Excluded Material. For the avoidance of doubt, a Party need not designate Excluded Material as Protected Information, nor shall a Party be required to produce placeholders for or otherwise log Excluded Material.

This Order is entered without prejudice to the right of any Party to seek discovery of Excluded Material. A Party seeking such discovery shall first meet and confer with the other Party. If the Parties fail to come to a resolution concerning Excluded Material, the Requesting Party shall file a motion with the Court following the procedures set forth in the Scheduling Order. The Court shall grant such a motion only upon a showing that it has a substantial need for the Excluded Materials to prepare its case and that it cannot, without undue hardship, obtain the substantial equivalent by other means.

5.6.    <u>Right to Seek Additional Protections</u>. This Order is entered without prejudice to the right of any Party to seek additional protections from the Court as may be necessary under particular circumstances.

## 6.    <u>CHALLENGING PROTECTED MATERIAL DESIGNATIONS</u>

6.1.    <u>Timing of Challenges</u>. If a Receiving Party in good faith believes that information should not be designated as Protected Material, it must challenge a designation of confidentiality within a reasonable period of time after such designation is made by the Designating Party. A

reasonable period of time shall take into account all circumstances including the timing of production, as well as the scope and volume of production.

6.2.    <u>Requirement to Meet and Confer</u>.  In the event of a challenge to a designation, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific section of this Order.  The Producing Party shall have five (5) business days after receipt of the written notice within which to object in writing to the change in designation or removal of protection afforded by this Order and to specify why protection under this Order is appropriate.

If the Producing Party objects in writing within five (5) business days of receiving such a written notice, both Parties shall meet and confer in an attempt to resolve the dispute in good faith and without involvement of the Court.  The Parties shall confer directly (in person or by telephone) within ten (10) business days of the first written notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper.  If the Parties do not reach agreement, the Challenging Party may contact the Court pursuant to Section 8(g) of the Scheduling Order seeking to change or remove the designation within ten (10) business days of the meet-and-confer, after which any objections to the designations are waived.  Until the Court rules, the confidentiality designation shall remain in effect.  If challenged, the Designating Party shall have the burden of proving that the material it designated is properly designated as Protected Material under this Order.

7.    **ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    Basic Principles.  Protected Material that is disclosed or produced by another Party or by a Non-Party may be used by a Receiving Party only in connection with this Action.

The Receiving Party shall have and maintain appropriate physical, organizational, and technical processes, security standards, guidelines, controls, and procedures to protect against a data breach ("Appropriate Safeguards"), and shall ensure that its Professional Vendors, Experts and any other person or entity that receives protected material pursuant to this Order implements and maintains Appropriate Safeguards.  Unless otherwise agreed, sensitive financial information, summaries or information from those summaries derived from "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" materials must be password protected when in digital format.  Unless otherwise agreed, any financial materials or summaries transmitted from or to authorized recipients outside of Receiving Party's Outside Counsel's office shall, if sent electronically, be encrypted or sent using secure transport with a password or, if not sent electronically, shall be delivered either by hand or through next-day or overnight transport.

Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order or as otherwise agreed to by the Parties.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section 4 above and Section 14 below.

Documents and things produced or made available for inspection may be redacted, in good faith by the Producing Party, to the extent they contain information that is not relevant to any Party's claim or defense, pursuant to Fed. R. Civ. P. 26(b)(1), or that is subject to the attorney-client privilege, work-product immunity, or is otherwise exempt from discovery by any other applicable privilege or immunity.  Each such redaction, regardless of size, shall be clearly labeled

"Redacted" or the like, as appropriate. This Section shall not be construed as a waiver of any Party's right to seek disclosure of redacted information.

      7.2.   <u>Access to "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designated Party, access to information or items designated "CONFIDENTIAL" shall be limited to:

      (a)   the Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for the Action;

      (b)   Designated In-House Legal Personnel of the Receiving Party, as well as support staff of Designated In-House Legal Personnel of the Receiving Party (e.g., legal assistants) to whom it is reasonably necessary to disclose the information for the purpose of the Action, subject to the requirements of Section 7.5. Such Designated In-House Legal Personnel are identified below:

- For Welch Allyn: Joseph Reagan
- For iRhythm: Theodore Lopez

Once the Designated In-House Legal Personnel are identified to receive CONFIDENTIAL information, each party may, for good cause, request changes to the list of identified Designated In-House Legal Personnel, subject to the requirements of Section 7.5. For the avoidance of doubt, "good cause" includes substitutions of listed Designated In-House Legal Personnel that are leaving the employment of the Receiving Party and substitutions for other similar reasons. The other Party shall not unreasonably refuse to consent to such requests.

      (c)   Experts (as defined in this Order) of the Receiving Party (1) to whom disclosure is reasonably necessary for the litigation in which said information is produced (2) who have signed

the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 7.5(a), below, have been followed;

(d)  the Court and its personnel;

(e)  court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for the Action;

(f)  during their depositions, witnesses in the Action to whom disclosure is reasonably necessary and as to whom there is a reasonable basis for believing either that such witness would be authorized to receive such information under this Order, that such witness was an author or prior recipient of such information, or that such witness is identified by the Designating Party under Rule 30(b)(6) as a witness with knowledge to testify with respect to the subject matter of such a document, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order; and

(g)  the author or recipient of a document containing the information, a custodian or other person who otherwise possessed or knew the information.

7.3.  Access to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" only to the persons identified in sections 7.2(a), (c)-(e), (g), and:

(a)    During their deposition, a person who is identified by the Designating Party under Rule 30(b)(6) as a witness with knowledge to testify with respect to the subject matter of such a document.

7.4.    Access to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" Information or Items.

(a)    To the extent production of Source Code becomes necessary to the prosecution or defense of the case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" if it comprises or includes confidential, proprietary, and/or trade secret Source Code.

(b)    Nothing in this Order shall be construed as a representation or admission that Source Code is properly discoverable in this case, or to obligate any Party to produce any Source Code.

(c)    Unless otherwise ordered by the Court, Discovery Material designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" shall be subject to the provisions set forth in Section 7.6 below, and may be disclosed, subject to Section 7.6 below, solely to:

(i)    The Receiving Party's Outside Counsel, provided that such Outside Counsel is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party, and such Outside Counsel's immediate paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff;

(ii)    Any outside expert or consultant retained by the Receiving Party to assist in this Action, provided that disclosure is only to the extent necessary to perform such work;

and provided that: (a) such expert or consultant has agreed to be bound by the provisions of the Protective Order by signing a copy of <u>Exhibit A</u>; (b) such expert or consultant is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party; (c) such expert or consultant is not involved in competitive decision-making, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of a Party or a competitor of a Party; (d) such expert or consultant accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction; and (e) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Section 7.5 below;

        (iii)    Witnesses at depositions or hearings in these cases and the witnesses' counsel, provided however that the disclosure shall only be made to: (1) a witness who is identified on the material as an author, addressee, or recipient of the material, or if there are indicia (such as from testimony, metadata, emails, or other records of distribution) that the witness has seen or had access to the materials previously; or (2) a witness who has been designated to testify on behalf of the Producing Party on the subject matter of the material in question, provided however that the Protected Material shown to such a witness shall be limited to Protected Material of the Producing Party;

        (iv)    Court reporters, stenographers and videographers retained to record testimony taken in this Action, and their staff;

        (v)    The Court, jury, and court personnel;

(vi)    Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(vii)    Any other person with the prior written consent of the Producing Party.

7.5.    <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" Information or Items to Experts and Designated In-House Legal Personnel</u>.

(a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" pursuant to paragraphs 7.2(c), 7.3, and 7.4(c)(ii) or that seeks to disclose to a Designated In-House Legal Personnel any information that has been designated "CONFIDENTIAL" pursuant to paragraph 7.2(b) first must make a written request via e-mail to the Designating Party's Outside Counsel of Record.

In the case of an Expert, the written request via email must: (1) set forth the full name of the Expert and the city and state of his or her primary residence, (2) attach a copy of the Expert's current resume or CV, including a list of publications from the past ten years, (3) identify, for the past 5 years, any employment or consulting engagements with competitors in the Relevant Technology, (4) identify (by party names, docket number, and court location) any litigation in connection with which the Expert has offered expert testimony, including through a declaration,

report, or testimony at a deposition or trial, during the preceding 5 years, and (5) identify any patent application filed within the last 5 years in the Relevant Technology.

In the case of a Designated In-House Legal Personnel, the written request via e-mail shall include: (1) the full name of the Designated In-House Legal Personnel and the city and state of his or her primary residence, (2) identify their position at the Receiving Party, and (3) provide a brief, non-privileged description of their regular duties at the Receiving Party, including whether or not the Designated In-House Legal Personnel are involved in any patent prosecution related decisions.

The Designating Party shall have ten (10) business days after receipt of such notice to object in writing via e-mail to the Receiving Party's Outside Counsel of Record that made the written e-mail request disclosing the Expert or Designated In-House Legal Personnel. A Designating Party shall not object or otherwise refuse to approve an Expert or Designated In-House Legal Personnel without cause or for the purpose of delay.

(b)    A Receiving Party that makes a request and provides the information specified in the preceding respective paragraphs shall not disclose the subject Protected Material to the identified Expert or Designated In-House Legal Personnel until expiration of the 10-day notice period. Any such objection must set forth in detail the grounds on which it is based. If during the notice period the Designating Party serves an objection upon the Receiving Party desiring to disclose Protected Material to the Expert or Designated In-House Legal Personnel, there shall be no disclosure of Protected Material to such individual pending resolution of the objection.

(c)    A Receiving Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the

19

matter by agreement within seven (7) business days after the written objection is served. The Designating Party shall then have twenty-one (21) business days after such objection is served to, if no agreement is reached, contact the Court pursuant to Section 8(g) of the Scheduling Order. Any motion filed pursuant to this paragraph must describe the circumstances with specificity and must set forth in detail the reasons why the disclosure to the Expert or Designated In-House Legal Personnel should not be made. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

7.6.    <u>Disclosure and Review of Source Code</u>.

(a)    Any Source Code that is produced by a Party or Non-Party in this case will be made available for inspection at the law offices of that producing Party or Non-Party. Source Code will be made available for inspection between the hours of 8 a.m. and 6 p.m. local time on business days, although the Parties will endeavor to accommodate reasonable requests to conduct inspections at other times.

(b)    Prior to the first inspection of any requested Source Code, the Receiving Party shall provide ten (10) days' notice of its intent to review the Source Code that has been made available by the Producing Party and, if known, the specific Source Code the Receiving Party intends to inspect. The Receiving Party shall provide seven (7) days' notice prior to any additional inspections.

(c)    Source Code that is designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" shall be produced for inspection and review subject to the following provisions, unless otherwise agreed by the Producing Party:

(i)     All Source Code shall be made available by the Producing Party to the Receiving Party's Outside Counsel and/or experts in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room").  The Producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the Producing Party's business. The Receiving Party's Outside Counsel and/or experts may request that commercially available software tools for viewing and searching Source Code be installed on the secured computer, provided, however, that (a) the Receiving Party possesses an appropriate license to such software tools; (b) the Producing Party approves such software tools (approvals will not be unreasonably denied); and (c) such other software tools are reasonably necessary for the Receiving Party to perform its review of the Source Code consistent with all of the protections herein.  The Parties agree that the requested software shall not compile, interpret, execute, or otherwise manipulate the Source Code for purposes of review.  The Receiving Party must provide the Producing Party with the CD or DVD or other media containing such licensed software tool(s) or provide a license key to the Producing Party's Outside Counsel at least seven (7) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the Source Code Computer.

(ii)     No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, tablets, smart-watches, peripheral

equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.

        (iii)    The Receiving Party's Outside Counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes and may not take such notes electronically on the Source Code Computer itself or any other computer.

        (iv)    The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way.

        (v)    No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The reviewing attorney or expert may use the notes paper to indicate what files and line numbers the Receiving Party wishes to have printed and provide the Producing Party with that list of passages to be printed. The Producing Party will print up to three (3) copies of the indicated files and lines on colored paper having a Confidentiality Legend of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" clearly on each page in the header or footer. The printout shall be in 12-point font and identify, in the header or footer, the file name and directory path. Any printed portion that consists of more than fifteen (15) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy. The Receiving Party may print out no more than 200 pages total without prior agreement from the Producing Party or order

of the Court.  The Receiving Party shall not print Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report).  The Producing Party shall Bates number, copy, and label "CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" any pages identified for printing by the Receiving Party.  Within seven (7) days of receiving the list of files and line numbers, the Producing Party shall either (i) provide the requested no more than three copies of such pages to the Receiving Party (labeled 1 of 3, 2 of 3, or 3 of 3, etc.) or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose.  If, after meeting and conferring, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be entitled to seek a Court resolution of whether the printed Source Code in question is narrowly tailored and was printed for a permitted purpose.  The burden shall be on the Receiving Party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere.  The printed pages shall constitute part of the Source Code produced by the Producing Party in these cases.

(vi)    The Producing Party may maintain a log of all Source Code printouts produced to Receiving Party.  At the conclusion of this Action (*see* Section X, *infra*), if requested to do so by the Producing Party, the Requesting Party shall return all original Source Code printouts to the Producing Party.

(vii)    All persons viewing Source Code shall sign on each day they view Source Code a log that will include the names of persons who enter the locked room to view the Source Code and when they enter and depart.  The Producing Party shall be entitled to a copy of the log upon two (2) business day's advance notice to the Receiving Party.

(viii)    Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's Outside Counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room.  The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.  Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or the Source Code Computer.  Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship.  Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(ix)    Other than as provided above, the Receiving Party will not copy, remove, or otherwise transfer any Source Code from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code onto any recordable media or recordable device.  The Receiving Party will not transmit any Source Code in any way from the Producing Party's facilities or the offices of its Outside Counsel of record.

(x)     The Receiving Party's Outside Counsel of record may make no additional paper copies of any portions of the Source Code received from a Producing Party, not including excerpts attached to court filings or used at depositions.

(xi)     The Receiving Party's Outside Counsel of record and any person receiving a copy of any Source Code shall maintain and store any paper copies of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when it is not in use.  The Receiving Party shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any person.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or person that receives a copy of any portion of the Source Code.

(xii)     The Parties agree that any information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" may only be accessed within the United States.  For the avoidance of doubt, the Receiving Party shall not transmit, convey, or otherwise disclose "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" information to any person or entity located outside of the United States.

(xiii)     The Receiving Party shall not transmit or communicate information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" (including, without limitation, Source Code printouts and expert reports containing Source Code excerpts or images) using electronic media.  Such information shall be transmitted or conveyed in physical (i.e., hard-copy) form, using an overnight or second-day express courier service that

25

includes tracking service (e.g., FedEx, UPS). The Parties agree that this restriction shall not apply to the encrypted electronic transmission of file names and paths for purposes of expert report/declaration preparation.

(xiv)    For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least seven (7) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring printed copies of those portions to the deposition for use by the Receiving Party. The Producing Party shall also accommodate reasonable requests from the Receiving Party to make a Source Code Computer available at the deposition for use at the deposition. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's Outside Counsel for secure destruction in a timely manner following the deposition.

7.7.    Except as provided in this section, absent express written permission from the Producing Party, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source

Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

7.8.    No document designated by a Designating Party as Protected Material shall be disclosed by a Receiving Party to an Expert or Designated In-House Legal Personnel until after the individual has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and until the Court has ruled on any pending motion described in paragraph 7.5(c). Such written agreement shall be retained by the Outside Counsel of Record for the Party that has retained the Expert and/or that employs the Designated In-House Legal Personnel, but need not be forwarded to any other Party. It is understood that Outside Counsel of Record for a Party may give advice and opinions to his or her client based on his or her evaluation of information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE," which is provided from the opposing Party to such Outside Counsel of Record in the Action, provided that such rendering of advice and opinions shall not reveal the content of such information. Outside Counsel can provide advice or opinions to a Party, but must do so in a way that does not reveal "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" information that is unavailable to Designated In-House Legal Personnel.  Outside Counsel may discuss documents available to Designated In-House Legal Personnel with Designated In-House Legal Personnel to whom such documents are available.

7.9.    <u>Patent Prosecution Bar</u>.  Individuals (1) associated with the Plaintiff who review any technical "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" Material or who reviews summaries or other descriptions of such materials, or (2) associated with the Defendant who review any technical "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" Material produced by a Non-Party or who reviews summaries or other descriptions of such materials, are prohibited from participating in the prosecution of a patent application involving Relevant Technology if such prosecution (e.g., patent application filing) was commenced before or during the pendency of this Action or less than two years following the final termination of this Action (including any appeals).  This prosecution bar does not prevent an individual from participating in a reexamination, *inter partes* review, or other post-grant review proceedings involving the patents-at-issue or patents related thereto, so long as that individual is not involved in any amendment of any claim; though in connection with any such foreign or

28

domestic agency proceeding involving the patents-in-suit, any attorney who has access to, accesses, obtains, receives, or otherwise learns, in whole or in part, any other Party's "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" Material shall not: (i) reveal a Producing Party's Protected Material to any prosecuting reexamination counsel or agent; or (ii) use a Producing Party's Protected Material for any purpose not permitted by Section 1. Information from this Action cannot be used in any other patent prosecution action.

This patent prosecution bar shall expire two years from the Final Disposition of the Action.

7.10.    <u>Prohibited Uses</u>.  Protected Material may be used by the Receiving Party solely for purposes of the prosecution or defense of this Action and any appeal thereafter, and shall not be used by the Receiving Party for any other business, commercial, competitive, personal, regulatory, or other proceeding, or other purpose whether domestic or foreign.  For the avoidance of doubt, Protected Material shall not be used by the Receiving Party in connection with any petition or communication with the FDA.  It is, however, understood that counsel for a Party, including Designated In-House Legal Personnel, may give advice and opinions to his or her client solely relating to the Action based on his or her evaluation of Protected Material, provided that such advice and opinions shall not directly or indirectly reveal the content of such Protected Material, except by prior written agreement of counsel for the Producing Party or by Order of the Court.

## 8.    **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)    promptly notify in writing the Designating Party and include in such notification a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order and must include a copy of this Order with the notification; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material prior to a determination by an appropriate court, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection of its confidential material in that court.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

(d)    <u>Other Proceedings</u>.  By entering this Order and limiting the disclosure of information in this Action, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY - SOURCE CODE" pursuant to this Order shall promptly notify that party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

## 9.    <u>APPLICABILITY OF THIS STIPULATED PROTECTIVE ORDER TO NON-PARTIES</u>

The terms of this Order are also applicable to information produced by Non-Parties in the Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES

ONLY – SOURCE CODE." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.

10. **FILING OF PROTECTED MATERIAL**

In the event a Party wishes to use any Protected Material or any papers containing or making reference to the content of such material in any pleading or document filed with the Court in the Action, such pleading or document and any appended Protected Material shall be filed under seal pursuant to the Local Rules of Civil Procedure for the District of Delaware. The Parties agree to work cooperatively to file redacted versions of materials filed under seal pursuant to the Local Rules of Civil Procedure for the District of Delaware.

11. **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must promptly:

(a)　notify in writing the Designating Party of the unauthorized disclosures;

(b)　use its best efforts to retrieve all unauthorized copies of the Protected Material;

(c)　inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d)　use its best efforts to ensure that no further or greater unauthorized disclosure and/or use thereof is made.

12. **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

The Parties agree that, pursuant to Fed. R. Evid. 502(d) and Fed. R. Civ. P. 26(b)(5), the production of documents subject to the attorney-client privilege or the work-product immunity, or otherwise exempt from discovery by any other privilege or immunity, shall not operate either as a waiver of any privilege or protection afforded to work product materials or as a subject-matter

31

waiver of any privilege or protection in this or any other action or proceeding.  For example, the mere production of privileged or work-product-protected information in this litigation as part of a production is not itself a waiver in this litigation or in any other federal or state proceeding.  The Parties further agree that the fact that information was produced shall not be used in any manner as evidence in support of any such alleged waiver.

12.1.    If a Party has inadvertently produced information subject to a claim of privilege or immunity, upon a request identifying such information ("Recalled Information"), the information and all copies thereof shall be returned promptly, or a signed verification by Outside Counsel of Record for the Receiving Party certifying that all such information and copies have been destroyed shall be provided to Outside Counsel of Record for the Producing Party no later than seven (7) calendar days, after a request is made by the Producing Party, as required by Rule 26(b)(5)(B).  Moreover, any notes or summaries, other than those previously permitted under this section, referring to or relating to any Recalled Information subject to a claim of privilege or immunity shall be destroyed.  Nothing herein shall prevent the Receiving Party from preparing and keeping a record containing the date, author, address(es), and such other information as is reasonably necessary to identify the Recalled Information in order to file a motion to compel production of the information.  Such a record may not be used for any purpose other than the preparation and filing of a motion to compel in this litigation.

12.2.    If the Receiving Party wishes to contest that the Recalled Information is protected by the attorney-client privilege or by work-product immunity, the Receiving Party shall so notify the producing party in writing when the written verification under Section 7.5 is provided to the Producing Party.  Within seven (7) business days after receiving such notification, the Designating Party shall provide to the Receiving Party for each such document or thing a description of the

basis for the claim of privilege or immunity. Within seven (7) business days after receiving such description, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed, in accordance with the procedures set forth in the Court's Scheduling Order for resolution of discovery disputes. If a motion to contest the designation is not filed within such seven (7) business day period, any objection to the privilege designation of the Recalled Information is waived.

12.3.    The procedures set forth in this Section 12 for challenging the privileged status of an inadvertent production shall not result in any waiver of the attorney-client privilege, the work product immunity, or any other privilege or immunity.

**13.    <u>MISCELLANEOUS</u>**

13.1.    <u>Right to Further Relief and Modification by the Court</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future. The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

13.2.    <u>Right to Assert Other Objections</u>.  No Party waives through entry of this Order any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by this Order.

13.3.    <u>Right of a Party to Use Independently Obtained Documents</u>.  Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material, or information obtained by such Party independent of formal discovery proceedings in this Action.

13.4.    <u>Right to Counsel Client</u>.  Nothing in this Order shall bar or otherwise restrict any Outside Counsel of Record or Designated In-House Legal Personnel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon

his or her examination of "CONFIDENTIAL" or "HIGHLY CONDIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE" Information produced or exchanged in this litigation; provided, however, that in rendering such advice and in otherwise communicating with a person not permitted access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE" Information under this Order, the Outside Counsel of Record or Designated In-House Legal Personnel shall not disclose the contents of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – SOURCE CODE" Information produced by any other Party.

13.5.    Nothing in this Order precludes a Producing Party from using or disseminating its own Discovery Material, including Protected Information, for purposes other than this Action.

## 14.    <u>CONCLUSION OF ACTION</u>

Within sixty (60) calendar days after the Final Disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this section, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.

Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Outside Counsel of Record are entitled to retain archival copies of all pleadings, discovery requests and responses, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  For the avoidance of doubt, Outside Counsel of Record are not required to delete computer back-ups if the back-ups are overwritten in the normal course of business.

Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  February 14, 2025

POTTER ANDERSON & CORROON LLP

By:  */s/ Philip A. Rovner*
     Philip A. Rovner (#3215)
     1313 North Market Street
     Hercules Plaza, 6th Floor
     Wilmington, DE  19801
     (302) 984-6000
     provner@potteranderson.com

K&L GATES LLP

Jeffrey R. Gargano
Devon C. Beane
Melissa M. Haulcomb
Rebekah Hill
70 W. Madison St., Suite 3300
Chicago, IL 60602
(312) 372-1121
jeffrey.gargano@klgates.com
devon.beane@klgates.com
melissa.haulcomb@klgates.com
rebekah.hill@klgates.com

Erik J. Halverson
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
(415) 882-8200
erik.halverson@klgates.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By:  */s/ Lucinda C. Cucuzzella*
     Brian P. Egan (#6227)
     Lucinda C. Cucuzzella (#3491)
     1201 North Market Street
     P.O. Box 1347
     Wilmington, DE 19899
     (302) 658-9200
     began@morrisnichols.com
     ccucuzzella@morrisnichols.com

FENWICK & WEST LLP
J. David Hadden
Allen Wang
801 California Street
Mountain View, CA 94041
(650) 988-8500
awang@fenwick.com
dhadden@fenwick.com

Melanie L. Mayer
Fenwick & West LLP
401 Union Street, 5th Floor
Seattle, WA 98101
(206) 389-4510
mmayer@fenwick.com

Robert E. Counihan
Fenwick & West LLP
902 Broadway, 18th Floor
New York, NY 10010
(212) 430-2600

*Attorneys for Plaintiff Welch Allyn, Inc.*

*Attorneys for Defendant
iRhythm Technologies, Inc.*

36

**APPROVED AND SO ORDERED** this _____ day of _____, 2025.


_____
The Honorable Maryellen Noreika
United States District Judge

## **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, employed by

_____, declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the District of Delaware on _____ in the case of

*Welch Allyn, Inc. v. iRhythm Technologies, Inc.*, Civil Case No. 1:24-cv-00224 (MN) ("the

Action").

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order,

and I understand and acknowledge that failure to so comply could expose me to sanctions and

punishment in the nature of contempt, as well as possible claims by a party or third-party whose

protected information was improperly disclosed.  I solemnly promise that I will not disclose in any

manner any information or item that is subject to this Stipulated Protective Order to any person or

entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of this Action.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

A-1