# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WELCH ALLYN INC., )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>IRHYTHM TECHNOLOGIES, INC., )<br> )<br>Defendant. ) | C.A. No. 24-224-MN<br><br>**PUBLIC VERSION** |

**PLAINTIFF WELCH ALLYN, INC.'S OPPOSITION TO DEFENDANT IRHYTHM'S
MOTION TO DISMISS THE WILLFUL INFRINGEMENT CLAIMS IN
THIRD AMENDED COMPLAINT**

OF COUNSEL:

Jeffrey R. Gargano
Melissa M. Haulcomb
Rebekah Hill
Jared R. Lund
K&L GATES LLP
70 W. Madison St., Suite 3300
Chicago, IL 60602
(312) 372-1121

Erik J. Halverson
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
(415) 882-8200

Dated:  November 7, 2025
Public Version Dated:  November 14, 2025

Philip A. Rovner (#3215)
Andrew M. Moshos (#6685)
P. Andrew Smith (#7117)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE  19899
(302) 984-6000
provner@potteranderson.com
amoshos@potteranderson.com
asmith@potteranderson.com

*Attorneys for Plaintiff
Welch Allyn, Inc.*

TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................. 1

II.   NATURE AND STAGE OF THE PROCEEDINGS .......................................... 1

III.  SUMMARY OF THE ARGUMENT ................................................................. 2

IV.   STATEMENT OF FACTS ............................................................................... 4

V.    ARGUMENT ................................................................................................... 5

      A.    The TAC Must Provide Notice of the Allegations, Not Prove Them ................................. 6

      B.    The TAC Pleads Sufficient Facts to Support a Claim of Willful Infringement ............... 10

      C.    TAC Adds Newly Discovered Facts Showing iRhythm's Knowledge and Intent ........... 10

      D.    The Newly Pled Allegations Reinforce the Original Allegations, Which Together
            Plausibly Support Willful Infringement ........................................................... 16

      E.    Welch Allyn's TAC Adequately Pleads Post-Suit Willfulness ......................................... 19

VI.   CONCLUSION ............................................................................................... 20

# TABLE OF AUTHORITIES

**Cases**

*Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*,
  59 F.4th 948 (8th Cir. 2023) ................................................................................ 8

*Ansell Healthcare Prod. LLC v. Reckitt Benckiser LLC*,
  No. 15-cv-915, 2018 WL 620968 (D. Del. Jan. 30, 2018) ...................................... 6

*Bio-Rad Lab'ys Inc. v. Thermo Fisher Sci. Inc.*,
  267 F. Supp. 3d 499 (D. Del. 2017) ................................................................... 5, 6

*Bos. Sci. Corp. v. Nevro Corp.*,
  415 F. Supp. 3d 482 (D. Del. 2019) ...................................................................... 3

*Clouding IP, LLC v. Amazon.com, Inc.*,
  C.A. Nos. 12-641-LPS, 12-642-LPS, 12-675-LPS, 2013 WL 2293452 (D. Del. May 24, 2013)
  ................................................................................................................... 3, 19

*DermaFocus LLC v. Ulthera, Inc.*,
  201 F.Supp.3d 465 (D. Del. 2016) ....................................................................... 5

*DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, C.A. No. 18-98 (MN), 2019 WL
  3069773 (D. Del. July 12, 2019) ..................................................................... 3, 19

*DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*,
  700 F. Supp. 3d 189 (D. Del. 2023) .................................................................. 8, 9

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*,
  Civ. A. No. 19-1239-CFC, 2020 WL 4365809 (D. Del. July 30, 2020) .................... 6

*Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*,
  350 F.3d 1327 (Fed. Cir. 2003) ........................................................................... 7

*FotoMedia Tech., LLC v. AOL, LLC*,
  No. 07-255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) ................................... 9

*Groove Digit., Inc. v. King.com, Ltd.*,
  Civ. A. No. 1:18-cv-00836-RGA, 2018 WL 6168615 (D. Del. Nov. 26, 2018) ...... 19

*Innova Hosp. S.A., Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*,
  892 F.3d 719 (5th Cir. 2018) .............................................................................. 8

*IpVenture Inc. v. Lenovo Grp. Ltd.*,
   Civ. A. No. 11-588-RGA, 2013 WL 126276 (D. Del. Jan. 8, 2013).....................................3, 19

*Keiler v. Harlequin Enters. Ltd.*,
   751 F.3d 64 (2d Cir. 2014) ...........................................................................................................8

*Maio v. Aetna, Inc.*,
   221 F.3d 472 (3d Cir. 2000) ......................................................................................................2, 6

*McDermott v. Clondalkin Grp., Inc.*,
   649 F. App'x 263 (3d Cir. 2016) ..................................................................................................8

*Mitutoyo Corp. v. Central Purchasing, LLC*,
   499 F.3d 1284 (Fed. Cir. 2007) ....................................................................................................6

*Netgear Inc. v. Ruckus Wireless, Inc.*,
   852 F. Supp. 2d 470 (D. Del. 2012) ...........................................................................................15

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*,
   631 F.3d 436 (7th Cir. 2011) ........................................................................................................8

*Rhodes Pharms. L.P. v. Indivior, Inc.*,
   Civ. A. No. 16–1308, 2018 WL 326405 (D. Del. Jan. 8, 2018).............................................5, 15

*SoftView LLC v. Apple Inc.*,
   No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ......................................................7

*St. Clair Intell. Prop. Consultants, Inc. v. Hewlett-Packard Co.*,
   No. 10-425-LPS, 2012 WL 1134318 (D. Del. Mar. 28, 2012) .....................................................6

*TriPlay, Inc. v. WhatsApp Inc.*,
   C.A. No. 13-1703-LPS-CJB, 2018 WL 1479027 (D. Del. Mar. 27, 2018).............................2, 6

*Victaulic Co. v. Tieman*,
   499 F.3d 227 (3d Cir. 2007) .........................................................................................................2

*Xpoint Techs., Inc. v. Microsoft Corp.*,
   730 F. Supp. 2d 349 (D. Del. 2010) .............................................................................................9

**Statutes**

Fed. R. Civ. P. 9(b)..............................................................................................................................7

## I.     INTRODUCTION

Fact discovery has demonstrated what Welch Allyn believed to be true at the outset of this case—Defendant iRhythm Technologies Inc. ("iRhythm") has been aware of Welch Allyn and its patent portfolio asserted in this case since 2006, yet nevertheless chose to infringe. As a result, and in accordance with the Court's statements during the January 28, 2025 hearing, regarding iRhythm's previously filed motion to dismiss, Welch Allyn moved for leave to file its Third Amended Complaint ("TAC") (D.I. 79). On October 10, 2025, this Court granted Welch Allyn's motion (which iRhythm did not oppose) and on October 14, 2025, Welch Allyn filed the TAC. D.I. 81, 83. The TAC includes allegations of pre- and post-suit willful infringement based on facts uncovered thus far during discovery.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

Welch Allyn filed its Original Complaint against iRhythm on February 20, 2024, asserting claims for direct and willful infringement of U.S. Patent Nos. 8,214,007 ("the '007 Patent"); 8,965,492 ("the '492 Patent"); 9,155,484 ("the '484 Patent"); and 10,159,422 ("the '422 Patent"). Welch Allyn filed a First Amended Complaint ("FAC") on April 24, 2024, adding additional allegations regarding willful infringement. D.I. 12. On May 22, 2024, iRhythm filed a motion to dismiss the willfulness allegations pled in the FAC for failure to state a claim, and the parties fully briefed the issue. D.I. 18, 19, 20. This Court granted iRhythm's motion to dismiss without prejudice, and expressly stated that Welch Allyn may "bring it[s] [willfulness claim] back should discovery uncover additional facts that would support willfulness." Hr'g Tr. 21:25-22:3, January 28, 2025. Based on the Court's Order, Welch Allyn filed its Second Amended Complaint ("SAC"), removing the explicit assertions of willful infringement and a request for enhanced damages, and

asserting two additional patents: U.S. Patent Nos. 8,630,699 and 8,750,974 (together with the '007, '492, '484, and '422 Patents, the "Asserted Patents"). D.I. 38.

Welch Allyn has served its infringement contentions, and iRhythm has served its invalidity contentions. The deadline for substantial completion of document production has passed, and fact discovery closes on January 16, 2026. Welch Allyn has taken two depositions and currently has six additional witnesses noticed for deposition. While the parties are working on scheduling depositions, iRhythm has yet to take a single deposition, has not noticed or subpoenaed any witness, and has not requested the deposition of any Welch Allyn witness. The parties are in the midst of claim construction, with the joint claim construction chart due January 22, 2026. D.I. 25.

## III.    SUMMARY OF THE ARGUMENT

1.    The TAC needs only to put iRhythm on notice of allegations against it and it has done that. "To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact).'" *TriPlay, Inc. v. WhatsApp Inc.*, C.A. No. 13-1703-LPS-CJB, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018) (quoting *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007)). The Court must "accept[] all well-pleaded allegations in the complaint as true, and view[] them in the light most favorable to plaintiff." *Id.* (quoting *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000)) (internal quotation marks omitted). The TAC easily satisfies this pleading standard. Welch Allyn's TAC includes detailed allegations demonstrating iRhythm's pre-suit knowledge of the Asserted Patents and its intent to infringe, such as iRhythm's awareness of Welch Allyn as a competitor, and testimony confirming iRhythm monitored competitive patent issuances. These allegations meet the legal standard for pleading willfulness, as they suggest that iRhythm was either aware of or willfully blind to its infringement. Given iRhythm's prosecution of its own

2

patents, including multiple rejections based on at least the Baker '953 Publication, iRhythm's rigorous competitive IP landscape monitoring, iRhythm's virtual marking of its own products and listing of the Baker '953 Publication and the '007 Patent as references during prosecution of its own patents, as well as the detailed direct infringement allegations contained in the TAC, iRhythm cannot credibly claim the TAC does not, at the very least, "allege[] facts from which it can be plausibly inferred that" iRhythm "(1) had knowledge of or was willfully blind to the existence of the [Asserted Patents] and (2) had knowledge of or was willfully blind to the fact that [its] alleged conduct constituted, induced, or contributed to infringement of the [Asserted Patents]." *Bos. Sci. Corp. v. Nevro Corp.*, 415 F. Supp. 3d 482, 495 (D. Del. 2019) (emphasis added).

2.      The TAC also plausibly alleges willful infringement based on iRhythm's post-suit knowledge of the asserted patents and substantial notice of infringement. This Court has recognized that an original complaint can provide the requisite knowledge for subsequent willfulness claims (*see* Hr'g Tr. 3:17-20, January 28, 2025); *see also DoDots Licensing Sols. LLC v. Lenovo Holding Co., Inc.*, C.A. No. 18-98 (MN), 2019 WL 3069773, at *3 (D. Del. July 12, 2019) (Noreika, J.). Other judges in this District have similarly held that earlier filed complaints can establish the requisite knowledge and satisfy the willfulness standard. *See, e.g., IpVenture Inc. v. Lenovo Grp. Ltd.*, Civ. A. No. 11-588-RGA, 2013 WL 126276, at *3 (D. Del. Jan. 8, 2013) (Andrews, J.) (permitting willfulness-based enhanced damages claims based on post-suit knowledge); *Clouding IP, LLC v. Amazon.com, Inc.*, C.A. Nos. 12-641-LPS, 12-642-LPS, 12-675-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013) (Stark, J.) (same). The TAC alleges that iRhythm had actual knowledge of the '007, '492, '484, and '422 Patents, and infringement thereof, at least by February 20, 2024 (filing date of Original Complaint (*see* TAC ¶ 85); D.I. 1, Exs. 19-28)) and had actual knowledge of the '699 and '974 Patents, and infringement thereof, at least by

February 14, 2025 (filing date of the SAC (*see* TAC ¶ 85; D.I. 38, Exs. 38-39)). Accordingly, Welch Allyn's allegations of post-complaint willfulness should be allowed.

3.      Discovery is ongoing and Welch Allyn is continuing to develop and investigate the true extent of iRhythm's knowledge of the Asserted Patents and its decision to infringe. This is something that will become more apparent through discovery and, given the fact that Welch Allyn has readily met the notice pleading standard, the case should be allowed to progress with respect to all of Welch Allyn's claims against iRhythm.

## IV.     STATEMENT OF FACTS[1]

Welch Allyn's TAC contains specific factual allegations of iRhythm's knowledge of the Asserted Patents. *See, e.g.*, TAC at ¶¶ 49–86. The factual allegations are rooted in the prosecution history of iRhythm's patents as well as iRhythm's virtual patent marking of the accused products. In addition, the TAC identifies iRhythm's founder and former Chief Medical Officer ("CMO"), Dr. Uday Kumar, as one of the individuals with knowledge of the Asserted Patents, which is corroborated by testimony from iRhythm's former Chief Technology Officer ("CTO"), Mark Day. *Id.* For example, the TAC alleges iRhythm knew of the Asserted Patents based on the prosecution of its U.S. Patent Nos. 8,560,046[2] ("the '046 patent") and 9,173,670 ("the '670 patent"), which involved detailed exchanges with the patent examiner regarding the earlier publication of the '007 Patent: U.S. Patent Pub. No. 2008/0139953 ("the Baker '953 Publication"). During the prosecution of its patents, iRhythm provided detailed analyses of both the Baker '953 Publication and the '007 Patent to overcome the examiner's rejections. *Id.* at ¶¶ 63–73.

---

[1]    iRhythm's Motion does not include a separate statement of facts, as required by the District of Delaware's Local Rule 7.1.3, but instead purports to "incorporate the relevant facts into the argument below." D.I. 96 at 4. Welch Allyn therefore provides the following factual background for the Court's convenience.

[2]    Mistakenly referred to in the TAC as the '503 patent.

Further, Dr. Kumar produced documents that support Welch Allyn's claims of willfulness. For example, █████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████ ███████████████████████████████; *see infra* Section V.C. The TAC also identifies testimony by Mr. Day that supports its willful infringement allegations. ████████████████████ ██████████████████████████████████████████████████ Dr. Kumar has similarly explained that since iRhythm's founding and at least until 2015, "the company has continued to monitor the IP landscape to stay aware of salient new developments in the field[.]" TAC ¶ 59.

## V.    ARGUMENT

This Court invited Welch Allyn to "bring it[s] [willfulness claim] back should discovery uncover additional facts that would **support** willfulness." Hr'g Tr. 21:25-22:3, January 28, 2025. Nowhere did the Court require Welch Allyn to **prove** willful infringement in its pleadings. Nor is Welch Allyn required under the relevant law to prove its willful infringement allegations to adequately plead willful infringement. Rather, "generalized allegations of willfulness are sufficient to withstand a motion to dismiss." *Rhodes Pharms. L.P. v. Indivior, Inc.*, Civil Action No. 16–1308, 2018 WL 326405, at *9 (D. Del. Jan. 8, 2018) (citing *Bio-Rad Lab'ys Inc. v. Thermo Fisher Sci. Inc.*, 267 F. Supp. 3d 499, 500–01 (D. Del. 2017), and *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 472 (D. Del. 2016)).

To plead willful infringement, a plaintiff must plead facts that, taken as true, *give rise to a plausible inference* "that the party accused of infringement (1) had knowledge of or was willfully blind to the existence of the asserted patent and (2) had knowledge of or was willfully blind to the fact that the party's alleged conduct constituted, induced, or contributed to infringement of the asserted patent." *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, Civ. A. No. 19-1239-CFC, 2020 WL 4365809, at *5 (D. Del. July 30, 2020). "At the pleading stage, it is not necessary to show that the case is egregious." *Bio-Rad Lab'ys Inc.*, 267 F. Supp. 3d at 501. In other words, "the Court may grant such a motion to dismiss *only if, after 'accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief.'" Id.* (quoting *Maio v. Aetna, Inc.*, 221 F.3d 472, 481–82 (3d Cir. 2000)) (internal quotation marks omitted) (emphasis added). Further, "willful blindness c[an] similarly stand in to satisfy the defendant's knowledge requirement." *Ansell Healthcare Prod. LLC v. Reckitt Benckiser LLC*, No. 15-cv-915, 2018 WL 620968, at *7 (D. Del. Jan. 30, 2018).

## A.     The TAC Must Provide Notice of the Allegations, Not Prove Them

The pleading standard for willful infringement is simply that the complaint put iRhythm on notice of Welch Allyn's allegations, which the TAC readily satisfies. *Mitutoyo Corp. v. Central Purchasing, LLC*, 499 F.3d 1284, 1290–91 (Fed. Cir. 2007) (reversing district court's dismissal of willful infringement claim as insufficiently pled because allegation in complaint that infringing acts were done with knowledge of the patent and were willful and deliberate sufficiently stated a claim for willful infringement). "[A]ctual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement," but the complaint must adequately allege "factual circumstances in which the patents-in-suit [are] called to the attention of" the defendants. *St. Clair Intell. Prop. Consultants, Inc. v. Hewlett-Packard Co.*, No. 10-425-LPS, 2012 WL 1134318, at *2–3 (D. Del. Mar. 28, 2012); *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL

3061027, at *8 n.11 (D. Del. July 26, 2012) ("To the extent that HTC is criticizing SoftView's allegations of Defendants' intent as lacking sufficient detail, the Court is unconvinced. Even under the heightened pleading standards of Federal Rule of Civil Procedure Rule 9(b), 'intent, knowledge, and other conditions of a person's state of mind may be alleged generally.'" (quoting FRCP Rule 9(b) (citing *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003) ("Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b). Because Ferguson's willful infringement allegation should not have been stricken in the first instance under Rule 9(b) as a matter of law, we find the refusal to allow an amended complaint to reintroduce willful infringement to be an abuse of discretion.")))).

As detailed below, Welch Allyn has sufficiently alleged that "iRhythm has had knowledge of, or in the alternative, has remained willfully blind of" the Asserted Patents, and "continued to develop the Accused Products despite a known risk that it had been and would continue to infringe" (TAC at ¶¶ 77–79), and that "iRhythm's infringement has been deliberate, willful and wanton, and with full knowledge, or in the alternative, willful blindness of the" Asserted Patents. TAC at ¶¶ 92, 98, 104, 111, 117. These assertions are further supported by additional detailed factual allegations. For example, the TAC also alleges:

> Upon information and belief, and based on the foregoing facts– ███████████ ████████████████████████████████████████, [i]Rhythm's '503 patent was previously rejected as anticipated by the '953 Publication, and iRhythm cited the '007 Patent in an IDS–*iRhythm monitored the status of the '953 Publication through its issuance as the '007 Patent*.

TAC at ¶ 73. iRhythm argues this allegation is "pure conjecture" because it is based "upon information and belief." Def.'s Mot. 8. This Court, and many others, disagree.

Notably, "[t]his Court has explained that pleading upon information and belief is permissible '[w]here it can be shown that the requisite factual information is peculiarly within the defendant's knowledge or control'—so long as there are no 'boilerplate and conclusory allegations' and '[p]laintiffs ... accompany their legal theory with factual allegations that make their theoretically viable claim plausible.'" *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, 700 F. Supp. 3d 189, 196 (D. Del. 2023) (quoting *McDermott v. Clondalkin Grp., Inc.*, 649 F. App'x 263, 267–68 (3d Cir. 2016)). What iRhythm knew about the Asserted Patents and when it learned of the Asserted Patents is "factual information [that] is peculiarly within [iRhythm's] knowledge or control," and these allegations "are supported by sufficient factual material that makes the inference of culpability plausible." *Id.* (citing *Ahern Rentals, Inc. v. EquipmentShare.com, Inc.*, 59 F.4th 948, 955 (8th Cir. 2023)); *see also Innova Hosp. S.A., Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 442–43 (7th Cir. 2011); *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014)). Thus, the Third Circuit (and at least the Second Circuit, Fifth Circuit, Seventh Circuit, and Eighth Circuit) have made clear that "alleging on information and belief" may support a claim for willfulness at the motion to dismiss stage.

In *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, Judge Bryson, sitting by designation in this court, held that the "use of 'information and belief' allegations in the critical portions of the complaint is justified under the case law authorizing the use of that pleading convention in appropriate circumstances." 700 F. Supp. 3d at 203. There, the "critical portions" included allegations that the defendant's "infringement was 'deliberate and intentional'; that [the defendant] has no reasonable noninfringement or invalidity defense; and that [the defendant] 'decided to develop with the intent to commercialize the SPECTRA Blue Products despite its knowledge that

8

such actions infringe the '532 patent.'" *Id.* at 201. The complaint also "echoe[d] the words of the Supreme Court in *Halo*, alleging on information and belief that [the defendant's] infringement 'has been and continues to be deliberate, intentional, egregious, willful, and in reckless disregard of the valid patent claims of the '532 patent.'" *Id.* Even though "[t]he complaint [did] not expand upon those allegations," Judge Bryson concluded that the allegations were "sufficient at the pleading stage to support claims of . . . willfulness." *Id.* at 203.

Here, the TAC alleges, "That iRhythm noticed the '007 Patent issued from the '953 Publication is consistent with Dr. Kumar's statements that he was well-versed with using the formerly-known USPTO Patent Application Information Retrieval System ("PAIR"), now called Patent Center . . . 'to access the status of current patent applications' because '[i]t gives you all of the history on what's gone on between a patent applicant and the patent examiner.'" TAC at ¶ 74. The TAC also sets forth Dr. Kumar's testimony that ███████████████████████████ ████████████████████████████████████████████████████████████ These IDSs routinely included citations to at least the Baker '953 Publication and the asserted '007 Patent. *Id.* ¶¶ 71, 76, 79. These factual allegations support a finding of willfulness.

Although Welch Allyn need not prove its willful infringement claims to survive a motion to dismiss, Welch Allyn's TAC contains numerous additional factual allegations that support its willful infringement allegations. *See Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 358 (D. Del. 2010) ("[T]he court declines to require more detail with respect to plaintiff's willful infringement claims than is required" for non-willful direct infringement claims (citing *FotoMedia Tech., LLC v. AOL, LLC*, No. 07-255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) (rejecting argument that complaint was deficient for failing to specify how defendants allegedly willfully infringed the patents-in-suit))). As discussed further below, Welch Allyn's TAC includes far more

detailed allegations linking iRhythm's knowledge of the Asserted Patents to facts demonstrating that iRhythm knew, or should have known, of the risk of infringement. Welch Allyn's allegations comfortably meet the governing pleading standard by alleging sufficient facts demonstrating iRhythm's pre-suit knowledge of the Asserted Patents and iRhythm's subjective intent to infringe.

### B.    The TAC Pleads Sufficient Facts to Support a Claim of Willful Infringement

Without denying its knowledge of the Asserted Patents, iRhythm clings to the remnants of arguments this Court credited before discovery, ignoring that the Court expressly left the door open for Welch Allyn to renew its willfulness claims if later evidence supported them. Discovery has now supplied that supportive evidence, and Welch Allyn's amended allegations fall squarely within the scope the Court contemplated. iRhythm erroneously asserts that Welch Allyn's TAC is based on the same allegations that the Court considered with respect to Welch Allyn's FAC (D.I. 12), and fails to specifically address or rebut any of the newly pled allegations, including nearly 35 new paragraphs, in the TAC. Taken together, the allegations in the TAC meet the governing pleading standard.

### C.    TAC Adds Newly Discovered Facts Showing iRhythm's Knowledge and Intent

This Court acknowledged that Welch Allyn could renew its willfulness claim if discovery uncovered facts supporting such an allegation. The TAC does just that, adding detailed new allegations that plausibly support an inference of willful infringement based on iRhythm's knowledge of the Asserted Patents and continued, deliberate, infringing conduct. The TAC alleges, for example:



(7) Dr. Kumar co-authored a textbook first published in 2010 containing multiple statements about iRhythm's processes for monitoring competitor patents, including that as early as 2010, iRhythm "conducted IP searches" with a focus on "patents that had already been issued as well as pending patent applications." *Id.* ¶ 55. iRhythm's IP monitoring did not end when iRhythm filed its first patent application, but instead, "the company has continued to monitor the IP landscape to stay aware of salient new developments in the field[.]" *Id.* ¶ 59 (citing TAC, Ex. 44, at 234 (1st edition Biodesign textbook published in 2010), and TAC, Ex. 45, at 315 (2nd edition Biodesign textbook published in 2015)).

███████████████████████████████████

████████████████████████  █████████████

███████████████████████

(9) iRhythm knew of the Asserted Patents based on the prosecution of its '046 and '670 patents, which involved detailed analyses and exchanges with the patent examiner in October 2012 regarding the publication leading to the '007 Patent (*Id.* ¶¶ 63–73);

(10) iRhythm monitored the status of the 'Baker '953 Publication through its issuance as the '007 Patent, and therefore was aware of at least the '007 Patent because it listed the '007 Patent in an IDS submitted to the United States Patent & Trademark Office ("USPTO") once the '007 Patent issued on July 3, 2012 (*Id.* ¶¶ 70-75); and

(11) iRhythm continued to develop the Accused Products despite a known risk that it had been and would continue to infringe the Patents-in-Suit (*id.* ¶ 78).

As alleged in the TAC, based on admissions from iRhythm's founder, inventor, and IP monitor, Dr. Kumar, it is entirely plausible, if not certain, that iRhythm was aware of Welch Allyn's continued IP filings, including the Asserted Patents. Moreover, iRhythm's contention that "allegations that iRhythm had knowledge of any of the asserted patents based on Uday Kumar's IP searching or other activities are impossible" (D.I. 96 at 9) lacks merit. The Second Edition of the Biodesign Textbook (TAC, Ex. 45) was published in 2015 and contains statements such as "In addition to developing the device and establishing the methods to use it, the company has continued to monitor the IP landscape to stay aware of salient new developments in the field." TAC, Ex. 45, at 315. Therefore, the TAC's allegation that iRhythm identified the Asserted Patents based on the companies continued monitoring of competitor's, including Welch Allyn's, intellectual property and developments, is not only ***not*** impossible, but it is entirely plausible.

Additionally, the TAC alleges that iRhythm not only had a general awareness of Welch Allyn as a competitor, but a competitor *in the field of ambulatory electrocardiographic patches*. The TAC makes such allegations based on, for example, ███████████████████





*Id.*

In *Rhodes Pharmaceuticals L.P. v. Indivior, Inc.*, the court declined to dismiss the complaint's willful allegation claim. 2018 WL 326405, at *10. The court based its decision on the sufficiency of the following allegations included in the complaint: (1) "since at least the date that the '512 patent issued, Defendant has had knowledge that the induced acts would constitute infringement of the '512 patent and has specifically intended to cause such infringement[,]" (2) "since at least the date the '512 patent issued, Defendant has known that its Suboxone Sublingual Film is especially made or especially adapted for use in the infringement of one or more claims of the '512 patent[,]" and (3) "Defendant's conduct, including—*inter alia*—continuing to knowingly cause widespread direct infringement of the '512 patent, and failure to provide a good faith response or analysis of its non-infringement or invalidity positions in response to licensing communications, justifies a finding of willful infringement." *Id.* at *10. According to the court, the plaintiff's specific allegations "set forth sufficient facts to survive a Rule 12(b)(6) motion to dismiss," and, taken as true, allowed the court to "plausibly infer Defendant's continued use . . . was done with objective recklessness of the infringement risk." *Id.*

Here, too, Welch Allyn's TAC, containing allegations that must be taken as true, gives rise to a plausible inference that iRhythm had knowledge of, or was willfully blind to the existence of, the Asserted Patents, and that iRhythm "knew or should have known that its conduct would likely infringe a patent." *Netgear Inc. v. Ruckus Wireless, Inc.*, 852 F. Supp. 2d 470, 477 (D. Del. 2012).

Finally, discovery remains ongoing. Welch Allyn has taken the only two depositions thus far. Despite already deposing Dr. Kumar as a third-party witness, Welch Allyn recently learned that Dr. Kumar—whom iRhythm's counsel had identified as a "third party" and "non-party" (*see* Ex. A)—is in fact an ESI custodian for iRhythm, even though he did not appear on iRhythm's Rule 26(a)(1) disclosures until October 10, 2025, and still does not appear on iRhythm's ESI Disclosures

pursuant to Paragraph 3 of the District of Delaware's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"). After receiving additional documents from Dr. Kumar on October 3, 2025 (months after his deposition), Welch Allyn has informed iRhythm that it intends to re-depose Dr. Kumar. Thus, Welch Allyn continues to develop the factual record, and the evolving discovery record underscores that Welch Allyn's allegations are both plausible and subject to additional evidence and further corroboration.

> **D.    The Newly Pled Allegations Reinforce the Original Allegations, Which Together Plausibly Support Willful Infringement**

iRhythm continues to harp on (its characterization of) the allegations this Court previously found insufficient ***standing alone***, treating them as if they remain the full extent of Welch Allyn's willfulness claim. But the TAC goes much further. It retains those original allegations and adds new, detailed facts uncovered in discovery—precisely the kind of reinforcement that now makes willful infringement plausible under the governing standard.

iRhythm points to the Court's statement that "the mere citation in a patent prosecution, by itself, is insufficient to plausibly plead knowledge" as support for its argument that "similar allegations" in the TAC "fail[ed] for a number of reasons" in Welch Allyn's FAC. Def.'s Mot. 10. That argument ignores that this Court only said that citing a patent during prosecution "***by itself***" is insufficient. The TAC does not base its willfulness allegations solely on the fact that iRhythm amended claims in its own patent applications to overcome rejections based on the Baker '953 Publication. TAC ¶¶ 63–72. Nor does the TAC rely solely on the fact that iRhythm subsequently brought the Baker '953 Publication and the '007 Patent to the USPTO's attention in over forty iRhythm patents covering the accused infringing products. *Id.* ¶ 76. Rather, the TAC bolsters the previously alleged facts with additional detailed factual support, and pleads brand new facts that were not discovered until months after the January 28, 2025 hearing.

The TAC identifies ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ iRhythm

asserts that Welch Allyn incorrectly characterized Dr. Kumar's testimony by alleging that he

"reviewed" IDS's "during his time at iRhythm." Def.'s Mot. 9 n.1. Welch Allyn disagrees. First, it

is iRhythm who mischaracterizes the facts relating to Dr. Kumar's involvement with iRhythm.

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

Thus, iRhythm's assertion that Welch Allyn's "allegations that iRhythm had knowledge of any of

the asserted patents based on Uday Kumar's IP searching or other activities are impossible" is flat

out wrong.

It is entirely plausible that Dr. Kumar reviewed IDS's. ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████ ███████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████ ████████████████████████████████

██████████████████ In the context of the allegations in the TAC, this is an entirely plausible recitation of Dr. Kumar's actions. iRhythm downplays Dr. Kumar's role as purely ministerial, but his own statements and testimony establish he had meaningful involvement monitoring the competitive landscape and prosecution of many iRhythm patents.

In addition to his deposition testimony discussed above, Dr. Kumar's statements in both the first edition (published in 2010) and second edition (published in 2015) Biodesign Textbook support that he was more than an administrative signatory. For example, Dr. Kumar stated, "With [outside counsel's] help, I was also able to appreciate which of the many documents in the file for a given patent application really were significant. This information helped me to think more specifically about where [outside counsel] and I might expect push-back in the examination of our own applications, and it allowed us to realistically address these potential issues." *Id.* ¶ 74. Thus, it is entirely plausible that Dr. Kumar actually reviewed the documents ██████████████ ██████████ and it is entirely plausible that Dr. Kumar would review the IDS's that his outside counsel would send him. If iRhythm believes that Dr. Kumar's testimony meant something different, iRhythm could have cited the relevant transcript portions in its Motion. It did not, because Welch Allyn fairly and accurately characterized Dr. Kumar's testimony.

Finally, iRhythm argues that the TAC contains allegations that, "even if taken as true, the Court has already explained that each of the insufficient allegations do not miraculously become sufficient when added together." Def.'s Mot. 11. However, the Court has not commented on the substance of the TAC, which adds new factual allegations and bolsters the allegations contained in the FAC. iRhythm cannot rely on the Court's earlier decision while also failing to provide any explanation why it believes the newly pled specific factual allegations are deficient. The

combination of allegations in the TAC, which must be accepted as true and viewed in Welch Allyn's favor, plausibly alleges that iRhythm had knowledge of the Asserted Patents.

### E.    Welch Allyn's TAC Adequately Pleads Post-Suit Willfulness

Welch Allyn's TAC includes specific allegations of willful infringement based on iRhythm's knowledge of the Asserted Patents post-filing of the Original Complaint (D.I. 1) and the SAC (D.I. 38). During the January 28, 2025 hearing, this Court stated that it "ha[s] [] allow[ed] an original complaint to serve as a basis for asserting knowledge of the patent and knowledge of infringement for later willfulness." Hr'g Tr. 3:17-20, January 28, 2025; *see DoDots Licensing Sols. LLC*, C.A. No. 18-98 (MN), 2019 WL 3069773, at *3 (permitting induced infringement claims based on post-suit conduct). Further, judges in this District have allowed knowledge learned from the filing of an earlier complaint to provide the knowledge necessary to sustain claims based on willful infringement. *See, e.g.*, *IpVenture Inc.*, 2013 WL 126276, at *3 (Andrews, J.) (permitting willfulness-based claims based on post-suit knowledge); *Clouding IP, LLC v. Amazon.com, Inc.*, C.A. Nos. 12-641-LPS, 12-642-LPS, 12-675-LPS, 2013 WL 2293452, at *4 (D. Del. May 24, 2013) (Stark, J.) (same); *Groove Digit., Inc. v. King.com, Ltd.*, No. 1:18-cv-00836-RGA, 2018 WL 6168615, at *2 (D. Del. Nov. 26, 2018) (Andrews, J.) (same); *Walker Digit., LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012) (Robinson, J.) (same); *SoftView LLC*, 2012 WL 3061027, at *8 (Stark, J.) (same).

Here, the TAC alleges that iRhythm had actual knowledge of the '007, '492, '484, and '422 Patents as of February 20, 2024, when Welch Allyn filed the Original Complaint asserting these patents along with claim charts detailing iRhythm's infringement. D.I. 1, Exs. 19-28. The TAC also alleges that iRhythm had actual knowledge of the '699 and '974 Patents at least by February 14, 2025, when Welch Allyn filed its SAC asserting these two additional patents along with claim

charts detailing iRhythm's infringement. D.I. 38, Exs. 38-39. Accordingly, Welch Allyn's allegations of post, original-complaint willfulness should be allowed.

## VI.    CONCLUSION

For the reasons discussed above, Welch Allyn respectfully requests that this Court deny iRhythm's motion to dismiss.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Jeffrey R. Gargano                          By:  */s/ Philip A. Rovner*
Melissa M. Haulcomb                              Philip A. Rovner (#3215)
Rebekah Hill                                     Andrew M. Moshos (#6685)
Jared R. Lund                                    P. Andrew Smith (#7117)
K&L GATES LLP                                    Hercules Plaza
70 W. Madison St., Suite 3300                    P.O. Box 951
Chicago, IL 60602                                Wilmington, DE  19899
(312) 372-1121                                   (302) 984-6000
                                                 provner@potteranderson.com
Erik J. Halverson                                amoshos@potteranderson.com
K&L GATES LLP                                    asmith@potteranderson.com
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111                     *Attorneys for Plaintiff*
(415) 882-8200                              *Welch Allyn, Inc.*

Dated:  November 7, 2025
Public Version Dated:  November 14, 2025
12554750

20