# Exhibit A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| WELCH ALLYN, INC., | ) | C.A. No. 1:24-CV-00224-MN |
| | ) | |
| Plaintiff, | ) | |
| | ) | DEMAND FOR JURY TRIAL |
| v. | ) | |
| | ) | |
| IRHYTHM TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**THIRD PARTY UDAY N. KUMAR'S RESPONSES AND OBJECTIONS TO SUBPOENA
TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT
INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Federal Rules of Civil Procedure 26, 34, and 45, Dr. Uday N. Kumar hereby

responds and objects to Plaintiff Welch Allyn, Inc.'s Subpoena To Produce Documents,

Information or Objects or to Permit Inspection ("Subpoena") and the definitions, instructions,

and documents requests ("Requests") contained therein as follows:

**<u>GENERAL RESPONSES AND OBJECTIONS</u>**

1.       Dr. Kumar objects to the Subpoena, and each Request therein, to the extent it seeks

documents or information not relevant to any claim or defense at issue in the above-captioned case.

Dr. Kumar specifically objects to the extent Welch Allyn seeks information not related to the Zio

AT monitor, the Zio XT monitor, and the Zio Next-Generation monitor because they are the only

accused products identified in Welch Allyn's Second Amended Complaint and Welch Allyn's

Disclosure of Accused Products.

2.       Dr. Kumar further objects to the Subpoena, and each Request therein, as overbroad,

vague, not proportional to this case, and beyond what is required under the Federal Rules of Civil

Procedure.  The Subpoena imposes an unwarranted and undue burden on Dr. Kumar, who is not a

party to this case.

3.    Dr. Kumar objects to the Subpoena, and each Request therein, to the extent it seeks information protected by attorney-client privilege, the work-product doctrine, the common interest privilege, or any other applicable privilege, protection, or immunity.

4.    Dr. Kumar further objects to the Subpoena, and each Request therein, to the extent it seeks documents that are not in the possession, custody, or control of Dr. Kumar.

5.    Dr. Kumar objects to the Subpoena, and each Request therein, to the extent that it seeks documents without proper limitation as to time, scope, or relevance.  Documents and information about the Zio AT, Zio XT, or Zio Next Generation monitors before February 20, 2018 are not relevant.

6.    Dr. Kumar further objects to the Subpoena, and each Request therein, to the extent that it seeks confidential or proprietary information, trade secrets, competitively sensitive financial or business information, or personal information, including information and documents that have nothing to do with iRhythm or the accused Zio AT, Zio XT and Zio Next Generation devices.

7.    Dr. Kumar objects to each of the "Definitions" and "Instructions" set forth in the Subpoena to the extent they purport to impose greater obligations on Dr. Kumar than those contemplated or required by the Federal Rules of Civil Procedure, the local rules or default standards for discovery of this Court, or any orders or stipulations governing this case.  For example, the Instructions purport to require Dr. Kumar to provide extensive information about documents and information withheld as privileged and/or work product; to provide extensive information about documents that no longer exist; and to reinterpret any Requests that Dr. Kumar objects to.  Dr. Kumar will respond to the Subpoena as required by the Federal Rules of Civil Procedure, the local rules or default standards for discovery of this Court, or any orders or

stipulations governing this case.

8.     Dr. Kumar objects to the definition of the terms "Dr. Kumar," "You," and "Your" because it seeks to broaden the scope of allowable discovery and seeks information that is not within the possession, custody, or control of Dr. Kumar, but is in the possession of third parties and non-parties to this lawsuit.  Dr. Kumar specifically objects to the definition as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of this case because it purports to include "any and all persons acting or purporting to act on [Dr. Kumar's] behalf." Dr. Kumar will interpret these terms as referring to Dr. Kumar only.

9.     Dr. Kumar objects to the definition of the term "Accused Products" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case, including because it purports to include "each and every product, apparatus, system, method, or process that infringe any of the claims of the Asserted Patents" without specificity.  Dr. Kumar objects to this definition as including products, services, methods, and/or features that are not specifically identified in Welch Allyn's Second Amended Complaint nor in Welch Allyn's Disclosure of Accused Products.  Dr. Kumar will interpret "Accused Products" as the Zio AT monitor, the Zio XT monitor, and the Zio Next-Generation monitor only, because they are the only accused products identified in Welch Allyn's Second Amended Complaint and Welch Allyn's Disclosure of Accused Products.

10.     Dr. Kumar objects to the definition of the terms "document" and "documents" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks to impose greater obligations on Dr. Kumar than those required by the Federal Rules of Civil Procedure, the local rules or default standards for discovery of this Court, or any orders or stipulations governing this case.  Dr. Kumar further objects to this definition to the extent it seeks

privileged and/or attorney-work product information.

11.     Dr. Kumar objects to the definition of the terms "communication" and "communications" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks to impose greater obligations on Dr. Kumar than those required by the Federal Rules of Civil Procedure, the local rules or default standards for discovery of this Court, or any orders or stipulations governing this case.  Dr. Kumar further objects to this definition to the extent it seeks privileged and/or attorney-work product information.

12.     Dr. Kumar objects to the definition of the term "prior art" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case because it purports to include "any reference, publication, patent, physical specimen, use, invention by another, sale, offer for sale, or other activities that You believe are relevant to the validity of any one of the Asserted Patents" and purports to require Dr. Kumar to provide opinions about the validity of Welch Allyn's Asserted Patents.  Dr. Kumar further objects to this definition to the extent it seeks privileged and/or attorney-work product information.

13.     Dr. Kumar objects to the definition of the term "reference" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case including because it purports to include "any document or thing in any way discussing, describing, or showing any technology that is any way related to the subject matter disclosed or described in a patent or patent application."  Dr. Kumar further objects to this definition to the extent it seeks privileged and/or attorney-work product information.

14.     Dr. Kumar objects to the definition of the term "Stanford" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case because it purports to include all of The Board of Trustees of the Leland Stanford Junior University's unidentified

"present and former directors, officers, employees, parent organization(s), subsidiary organization(s), predecessors in interest, successors in interest, divisions, servants, agents, attorneys, consultants, partners, associates, investigators, representatives, accountants, financial advisors, distributors, and any other person acting on its behalf, pursuant to its authority or subject to its control." Dr. Kumar further objects to the definition of this term to the extent it includes a third party's attorneys and seeks privileged and attorney-work product information. Dr. Kumar will interpret this term as referring to third-party The Board of Trustees of The Leland Stanford Junior University only.

15.    Dr. Kumar objects to the definition of the terms "pertaining" and "relating" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case as it seeks to impose greater obligations on iRhythm than those required by the Federal Rules of Civil Procedure, the local rules or default standards for discovery of this Court, or any orders or stipulations governing this case. Dr. Kumar further objects to this definition to the extent it seeks privileged and/or attorney-work product information.

16.    Dr. Kumar objects to the definitions of the terms "and," "or," "and/or," "any," "including," and "he" as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case as they seek to impose greater obligations on Dr. Kumar than those required by the Federal Rules of Civil Procedure, the local rules or default standards for discovery of this Court, or any orders or stipulations governing this case. Dr. Kumar further objects to these definitions to the extent they seek privileged and/or attorney-work product information.

## SPECIFIC RESPONSES AND OBJECTIONS

## DOCUMENT REQUEST NO. 1:

All documents and communications between You and any third-party between 2005 and 2011, discussing or relating to ECG monitoring, including any attachments.

5

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking documents and communications protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines. On its face, this Request seeks documents and communication between Dr. Kumar and "any third-party," including attorneys. Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case and because this Request is overly broad and unduly burdensome, including because it seeks "[a]ll documents and communications" between Dr. Kumar and "any third-party" relating to the undefined subject of "ECG monitoring" for the entirety of the years 2005-2011. On its face, this Request seeks all documents and communications during a seven-year period spanning 2005-2011 that relate to "ECG monitoring," which could be interpreted to encompass every document and communication Dr. Kumar has from this time period. Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks documents and communications concerning the vague, undefined phrase "ECG Monitoring."

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States. Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents and communications regarding the Zio AT, Zio XT and Zio Next Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Dr. Kumar objects to this Request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Dr. Kumar does not intend to provide such information without the consent of the relevant persons or a court order.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar is willing to meet and confer regarding this Request.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 2:**

All documents that constitute, refer, or relate to any search terms or search strings You used to perform patent searches related to cardiac rhythm monitoring device concepts, including the searches referenced on page 232 of Biodesign (1st ed.) and page 313 of Biodesign (2d ed.).

**RESPONSE TO DOCUMENT REQUEST NO. 2:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty

of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents. On its face, this Request also seeks all documents relating to "any search terms or search strings You used to perform patent searches related to cardiac rhythm monitoring device concepts," including communications with counsel about these topics and including during time periods before and after Dr. Kumar left his employment with iRhythm. Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents that are neither relevant to any claim or defense nor proportional to the needs of the case and because this Request is overly broad and unduly burdensome, including because it seeks "[a]ll documents" relating to "all search terms or search strings You used to perform patent searches related to cardiac rhythm monitoring device concepts," because it is not limited in scope to documents relating to iRhythm's business and/or the iRhythm accused products, because it is not limited to any relevant time period during which Dr. Kumar worked for iRhythm, and because it is not limited geographically to U.S. activities but instead purports to include any "patent searches." Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sough with reasonable particularity, including because it seeks documents and things relating to the vague category of "cardiac rhythm monitoring device concepts."

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable

time period nor limited to activities in the United States. As explained above, the Request is not limited geographically to searches of U.S. patents, but instead purports to include any "patent searches." The Request is also not limited to any reasonable time period and purports to request documents relating to "patent searches" conducted at any time, including both before and after Dr. Kumar was employed by iRhythm.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar is not currently aware of any nonprivileged, non-protected documents in his possession, custody, or control relating to search terms or search strings used to perform any searches referenced on page 232 of Biodesign (1st ed.) and page 313 of Biodesign (2d ed.).

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 3:**

All documents that constitute, refer or relate to any searches, studies or analyses of prior art related to ECG monitoring, including the prior art and patents referenced on page 233 of Biodesign (1st ed.) and page 314 of Biodesign (2d ed.).

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking documents protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents. On its face, this Request seeks all documents relating to "any searches, studies or analyses of prior art

related to ECG monitoring," including communications with counsel. On its face, this Request seeks all documents relating to "any searches, studies or analyses of prior art related to ECG monitoring" at any time, including during time periods before and after Dr. Kumar was employed by iRhythm. Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines. Dr. Kumar will also not disclose any documents or information that relate to his work for other companies.

Dr. Kumar objects to this Request as seeking documents that are neither relevant to any claim or defense nor proportional to the needs of the case and because this Request is overly broad and unduly burdensome, including because it seeks "[a]ll documents" relating to "any searches, studies or analyses of prior art related to ECG monitoring," because it is not limited in scope to documents relating to iRhythm's business and/or the iRhythm accused products, because it is not limited to any relevant time period during which Dr. Kumar worked for iRhythm, and because it is not limited geographically to U.S. activities or activities regarding U.S. patents, but instead purports to include any "searches, studies, or analyses." Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks documents concerning the vague, undefined phrase "ECG Monitoring."

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States. Dr. Kumar will not, and is not obligated

to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents regarding the Zio AT, Zio XT, and Zio Next Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar will produce non-public, nonprivileged, non-protected documents relating to searches, studies or analyses of prior art, as referenced on page 233 of Biodesign (1st ed.) and page 314 of Biodesign (2d ed.), to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 4:**

All documents and communications between You and any third-party, discussing or relating to any provisional patent application You filed relating to ECG monitoring, including the provisional patent referenced on page 233 of Biodesign (1st ed.) and page 314 of Biodesign (2d ed.)

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking documents and communications protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines. On its face, this Request seeks documents and

communication between Dr. Kumar and "any third-party" including attorneys. Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case and because this Request is overly broad and unduly burdensome, including because it seeks "[a]ll documents and communications" between Dr. Kumar and "any third-party" relating to "any provisional patent application [Dr. Kumar] filed relating to ECG monitoring," because it is not limited in scope to documents relating to iRhythm's business and/or iRhythm's accused products, because it is not limited to any relevant time period during which Dr. Kumar worked for iRhythm, and because it is not limited geographically to U.S. activities but instead purports to include "any provision patent application" relating to "ECG monitoring." On its face, this Request seeks all documents and communications between Dr. Kumar and "any third-party" about "any provisional patent application" relating to ECG monitoring, including those that Dr. Kumar was involved in through his employment with companies other than iRhythm. Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks documents and communications concerning the vague, undefined phrase "ECG Monitoring."

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States. Dr. Kumar will not, and is not obligated

to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents and communications regarding the Zio AT, Zio XT, and Zio Next Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar will produce non-public, nonprivileged, non-protected documents relating to the filing of the provisional patent application referenced on page 233 of Biodesign (1st ed.) and page 314 of Biodesign (2d ed.), to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 5:**

All documents that constitute, refer or relate to any claims analysis You performed relating to ECG monitoring between 2005 and 2011, including the claims analysis referenced on page 233 of Biodesign (1st ed.) and page 314 of Biodesign (2d ed.).

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents. On its face, this Request also seeks all documents relating to "any claims analysis You performed relating

to ECG monitoring" including communications with counsel about these topics.  Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents that are neither relevant to any claim or defense nor proportional to the needs of the case and because this Request is overly broad and unduly burdensome, including because it seeks "[a]ll documents" relating to "any claims analysis [Dr. Kumar] performed relating to ECG monitoring," because it is not limited in scope to documents relating to iRhythm's business and/or the accused iRhythm products, and because it is not limited geographically to U.S. activities but instead purports to include any "claims analysis." Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks documents and communications concerning the vague, undefined phrase "ECG Monitoring."

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States.  Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case.  Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

14

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar will produce non-public, nonprivileged, non-protected documents relating to the claims analysis referenced on page 233 of Biodesign (1st ed.) and page 314 of Biodesign (2d ed.), to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 6:**

All documents that constitute, refer or relate to Your "assessment of the IP landscape" as referenced on page 233 of Biodesign (1st ed.) and page 314 of Biodesign (2d ed.).

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking information protected by the attorney-client privilege, attorney work product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents. On its face, this Request also seeks all documents relating to "Your 'assessment of the IP Landscape'" including based on communications with counsel about this topic. Dr. Kumar will not disclose any documents that are subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents that are neither relevant to any

claim or defense nor proportional to the needs of the case and because this Request is overly broad and unduly burdensome, including because it seeks "[a]ll documents" relating to Dr. Kumar's "assessment of the IP landscape." Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks documents concerning the vague, undefined phrase "IP landscape."

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States. As explained above, the Request is not limited geographically to assessment of U.S. intellectual property, but instead purports to include the entirety of "the patent landscape." Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar will produce non-public, nonprivileged, non-protected documents relating to the "assessment of the IP landscape" referenced on page 233 of Biodesign (1st ed.) and page 314 of Biodesign (2d ed.), to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 7:**

All documents and communications that refer or relate to any searches You conducted on the USPTO Patent Application Information Retrieval ("PAIR") system for "the examination of [y]our own applications" as referenced on page 233 of Biodesign (1st ed.) and page 315 of Biodesign (2d ed.), including any resultant analyses.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking documents and communications protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents. On its face, this Request also seeks "[a]ll documents and communications" relating to "any searches You conducted on the USPTO Patent Application Information Retrieval ('PAIR') system for 'the examination of [y]our own applications'" including communications with counsel about these topics. Dr. Kumar will not disclose any documents or communications that are subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case and because this Request is overly broad and unduly burdensome, including because it seeks "[a]ll documents and communications" relating to "any searches [Dr. Kumar] conducted on the USPTO [PAIR] system

for 'the examination of your own applications.'"  Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States.  Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows:  Dr. Kumar will produce non-public, nonprivileged, non-protected documents relating to searches he performed on the USPTO Patent Application Information Retrieval (PAIR) system for "the examination of [his] own applications" as referenced on page 233 of Biodesign (1st ed.) and page 315 of Biodesign (2d ed.), to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 8:**

All documents and communications relating to the intellectual property You worked on relating to ECG monitoring between 2005 and 2011, including the "IP that [You] worked on and licensed from Stanford" as referenced on page 233 of Biodesign (1st ed.) and page 315 of Biodesign (2d ed.).

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents. On its face, this Request seeks "[a]ll documents and communications" relating to "the intellectual property You worked on relating to ECG monitoring," including communications with counsel about these topics. Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case and because this Request is overly broad and unduly burdensome, including because it seeks "[a]ll documents and communications" relating to "the intellectual property [Dr. Kumar] worked on relating to ECG monitoring," including intellectual property that has nothing to do with iRhythm's accused products or any issue in this case. Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks documents concerning the vague, undefined phrases "ECG monitoring," "intellectual property," and "worked on."

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable

time period nor limited to activities in the United States.  As explained above, the Request is not limited geographically to U.S. intellectual property, but instead purports to include any "intellectual property You worked on relating to ECG monitoring."  Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case.  Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows:  Dr. Kumar will produce non-public, nonprivileged, non-protected documents relating to patent applications for which he was an inventor and that were licensed by iRhythm from Stanford, as referenced on page 233 of Biodesign (1st ed.) and page 315 of Biodesign (2d ed.), to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 9:**

All documents and communications relating to the "early IP work done by Kumar and Glenn," as referenced on page 233 of Biodesign (1st ed.) and page 315 of Biodesign (2d ed.).

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty

of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents. On its face, this Request seeks "[a]ll documents and communications" relating to "the 'early IP work done by Kumar and Glenn'" including communications with counsel, Ben Glenn, about these topics and including during time periods before and after Dr. Kumar left his employment with iRhythm. Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case and because this Request is overly broad and unduly burdensome, including because it seeks "[a]ll documents and communications" relating to "early IP work done by Kumar and Glenn," because it is not limited in scope to documents and communications relating to iRhythm's business and/or the accused iRhythm products, because it is not limited to any relevant time period during which Dr. Kumar worked for iRhythm, and because it is not limited geographically to U.S. activities but instead purports to include any "early IP work." Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks documents concerning the vague, undefined phrase "early IP work."

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States. Dr. Kumar will not, and is not obligated

to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar will produce non-public, nonprivileged, non-protected documents relating to patent applications for which he was an inventor and that were licensed to iRhythm by Stanford, as referenced on page 233 of Biodesign (1st ed.) and page 315 of Biodesign (2d ed.), to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 10:**

All documents and communications between you, iRhythm, and/or any third-party referring or relating to U.S. Provisional Application No. 60/765,467, filed on February 6, 2006, including but not limited to all documents and communications relating to any purported invention disclosed therein.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking documents and communications protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine,

or protection, or under any other related doctrines.   On its face, this Request seeks "[a]ll documents and communications" between Dr. Kumar, iRhythm, and "any third-party"—including attorneys—relating to U.S Provisional Application No. 60/765,467.  Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case.  U.S. Provisional Application No. 60/765,467 is not related to any patent being asserted in this action.

Dr. Kumar objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll documents and communications between [Dr. Kumar], iRhythm, and/or any third-party" relating to U.S. Provisional Application No. 60/765,467 and because it is not limited in scope to documents relating to iRhythm's business and/or the accused iRhythm products, but instead purports to include documents and communications related to "any…invention" disclosed in U.S. Provisional Application No. 60/765,467.  Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Dr. Kumar does not intend to provide such information without the consent of the relevant persons or a court order.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States.  Dr. Kumar will not, and is not obligated

to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case.  Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows:  Dr. Kumar will produce non-public, nonprivileged, non-protected documents relating to U.S. Provisional Application No. 60/765,467, to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

## DOCUMENT REQUEST NO. 11:

All documents and communications between you, iRhythm, and/or any third-party referring or relating to U.S. Provisional Application No. 60/786,502, filed on March 29, 2006, including but not limited to all documents and communications relating to any purported invention disclosed therein.

## RESPONSE TO DOCUMENT REQUEST NO. 11:

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking documents and communications protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.  On its face, this Request seeks "[a]ll documents

and communications" between Dr. Kumar, iRhythm, and "any third-party"—including attorneys—relating to U.S Provisional Application No. 60/786,502, including communications with counsel about this patent application.  Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case.  U.S. Provisional Application No. 60/786,502 is not related to any patent being asserted in this action.

Dr. Kumar objects to this Request as overly broad and unduly burdensome, including because it seeks "[a]ll documents and communications between [Dr. Kumar], iRhythm, and/or any third-party" relating to U.S. Provisional Application No. 60/786,502 and because it is not limited in scope to documents relating to iRhythm's business and/or the accused iRhythm products, but instead purports to include documents and communications related to "any…invention" disclosed in U.S. Provisional Application No. 60/786,502.  Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request to the extent it seeks documents and communications that are subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Dr. Kumar does not intend to provide such information without the consent of the relevant persons or a court order.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States.  Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because

25

it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case.  Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows:  Dr. Kumar will produce non-public, nonprivileged, non-protected documents relating to U.S. Provisional Application No. 60/786,502, to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 12:**

All documents and communications between You, iRhythm, and/or any third-party referring or relating to any corresponding foreign patent application, and any divisional or continuation application, that issued from the patent applications identified in Requests Nos. 10 and 11, including but not limited to U.S. Patent. Nos. 8,150,502; 8,244,335; and 8,160,682.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Dr. Kumar incorporates by reference his General Objections and his specific objections to Document Request Nos. 10 and 11 as if fully set forth herein.

Dr. Kumar objects to this Request as seeking documents and communications protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.   On its face, this Request seeks "[a]ll

documents and communications" between Dr. Kumar, iRhythm, and "any third-party"—
including attorneys—relating to "any corresponding foreign patent application, and any
divisional or continuation application, that issued from" U.S Provisional Application Nos.
60/765,467 or 60/786,502, including communications with counsel about these patent
applications and patents.  Dr. Kumar will not disclose any information that is subject to
protection from disclosure under any attorney-client privilege, attorney work-product doctrine,
joint defense privilege, common interest exception, duty of confidentiality, or any other
applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are
neither relevant to any claim or defense nor proportional to the needs of the case.  No patent that
claims priority to U.S Provisional Application Nos. 60/765,467 or 60/786,502 is being asserted in
this action.

Dr. Kumar objects to this Request as overly broad and unduly burdensome, including
because it seeks "[a]ll documents and communications between [Dr. Kumar], iRhythm, and/or any
third-party referring or relating to any corresponding foreign patent application, and any divisional
or continuation application" that issued from U.S. Provisional Application Nos. 60/765,467 and
60/786,502 and because it is not limited geographically to U.S. patent applications and instead
purports to include documents and communications relating to "any corresponding foreign patent
application, and any divisional or continuation application."   Dr. Kumar objects to this Request
as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to
this case.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable
time period nor limited to activities in the United States.  Dr. Kumar will not, and is not obligated

to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case.  Foreign patent applications and patents are not relevant to this action.  Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows:  Dr. Kumar will produce non-public, nonprivileged, non-protected documents relating to U.S. Provisional Application Nos. 60/765,467 and 60/786,502 and U.S. Patent Nos. 8,150,502, 8,244,335 and 8,160,682, to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

## DOCUMENT REQUEST NO. 13:

All documents and communications that constitute, refer or relate to iRhythm's intellectual property monitoring policies, protocols, procedures, guidelines, and practices between 2005 and 2011.

## RESPONSE TO DOCUMENT REQUEST NO. 13:

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents.  On its face, this Request seeks all documents relating to "iRhythm's intellectual property monitoring

policies, protocols, procedures, guidelines, and practices" including communications with counsel about these topics.  Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case.  On its face, this Request seeks "iRhythm's intellectual property monitoring policies, protocols, procedures, guidelines, and practices" between 2005 and 2011.  However, the earliest issue date of any patent in this action is July 3, 2012, so it would have been impossible for Dr. Kumar to have identified any asserted patent in this case between 2005 and 2011.  Dr. Kumar also objects to this request because, as the Court has already explained, iRhythm's knowledge of patent applications cannot give rise to a willful infringement claim.  *See* Transcript from January 27, 2025 Hearing.

Dr. Kumar objects to this Request as overly broad and unduly burdensome including because it seeks "[a]ll documents and communications" relating to "iRhythm's intellectual property monitoring policies, protocols, procedures, guidelines, and practices."  Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks documents concerning the vague categories of "iRhythm's intellectual property monitoring policies, protocols, procedures, guidelines, and practices."

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable

time period nor limited to activities in the United States. Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar is not currently aware of any documents responsive to this Request in his possession, custody or control.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 14:**

All documents, communications, analyses, and evidence that You contend establish the utility, novelty, and non-obviousness of the Accused Products.

**RESPONSE TO DOCUMENT REQUEST NO. 14:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents. On its face, this Request seeks "[a]ll documents, communications, analyses, and evidence," including those drafted by counsel or communications with counsel. Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege,

attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents, communications, and things that are neither relevant to any claim or defense nor proportional to the needs of the case, including because the "utility, novelty, and non-obviousness" of "Accused Products" are not relevant to any issue in this case. The "utility, novelty, and non-obviousness" of a product is also non-sensical. Dr. Kumar further objects to this Request because it is overly broad and unduly burdensome, including because it seeks "[a]ll documents, communications, analyses, and evidence" that Dr. Kumar "contend[s] establish the utility, novelty, and non-obviousness of the Accused Products" and because it recites the broad category of "Accused Products" which has a definition that is overly broad and unduly burdensome as explained in the General Objections.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks documents concerning the vague categories of "Accused Products." As explained above, the "utility, novelty, and non-obviousness" of a product also makes no sense.

Dr. Kumar objects to this Interrogatory to the extent it seeks a legal conclusion.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States. Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in

this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows:  The "utility, novelty, and non-obviousness of the Accused Products" is non-sensical and is not relevant to any issue in this case.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 15:**

All documents and communications with investors, potential business partners, or other third parties between 2005 and 2011 regarding iRhythm.

**RESPONSE TO DOCUMENT REQUEST NO. 15:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking documents and communications protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.  On its face, this Request seeks "[a]ll documents and communications" between Dr. Kumar and "investors, potential business partners, or other third parties," which includes attorneys.  Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case.  Dr. Kumar further objects to this Request as overly broad and unduly burdensome including because it seeks

"[a]ll documents and communications" regarding iRhythm for the entirety of the years 2005 through 2011. Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks any documents and communications regarding iRhythm with "potential business partners" or "other third parties."

Dr. Kumar objects to this Request to the extent it seeks documents and communications that are subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Dr. Kumar does not intend to provide such documents and communications without the consent of the relevant persons or a court order.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States. Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar is willing to meet and confer regarding this Request.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 16:**

All documents and communications relating to any identified or possible competitors of

iRhythm that You identified between 2005 and present time.

**RESPONSE TO DOCUMENT REQUEST NO. 16:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents. On its face, this Request seeks "[a]ll documents and communications" relating to "any identified or possible competitors of iRhythm," including communications with counsel. Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case. Dr. Kumar further objects to this Request as overly broad and unduly burdensome including because it seeks "[a]ll documents and communications" regarding "any identified or possible competitors of iRhythm that You identified between 2005 and present time," without identifying the subject matter of the competition, and because it is not limited in scope to any relevant time period during which Dr. Kumar worked for iRhythm. Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks any documents and

communications regarding "any identified or possible competitors of iRhythm" without identifying what "possible competitors" are or identifying the subject matter of the competition.

Dr. Kumar objects to this Request to the extent it seeks information that is subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Dr. Kumar does not intend to provide such information without the consent of the relevant persons or a court order.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States. Dr. Kumar objects to the time period of this Request ("between 2005 and present time") as overly broad and beyond the term of his employment with iRhythm. Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar will produce non-public, nonprivileged, non-protected documents sufficient to identify competitors for iRhythm's Zio XT, Zio ZT or Zio Next Generation monitors between 2005 and 2011, to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**<u>DOCUMENT REQUEST NO. 17:</u>**

All documents and communications relating to Your knowledge of any Welch Allyn

patent, patent publication, or patent application relating to ECG monitoring between 2005 and 2011, including Your knowledge of the Asserted Patents and the subject matter of the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 17:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents. On its face, this Request seeks "[a]ll documents and communications" including those with counsel. Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case. As the Court has already explained, iRhythm or Dr. Kumar's knowledge of patent applications or other Welch Allyn patents cannot give rise to a willful infringement claim and the requested documents and communications are not relevant to any issue in the case. *See* Transcript from January 27, 2025 Hearing. The earliest issue date of any patent asserted in this action is July 3, 2012, so it would have been impossible for Dr. Kumar to have identified any asserted patent in this case between 2005 and 2011, making this Request irrelevant. The Request is also irrelevant and not proportional to the needs of the case because it is directed to Dr. Kumar's "knowledge of the…the subject

matter of the Asserted Patents," which is not defined and could be interpreted as cardiac monitoring generally.

Dr. Kumar objects to this Request as overly broad and unduly burdensome including because it seeks "[a]ll documents and communications" relating to "[Dr. Kumar's] knowledge of any Welch Allyn patent, patent publication, or patent application relating to ECG monitoring between 205 and 2011, including [Dr. Kumar's] knowledge of the Asserted Patents and the subject matter of the Asserted Patents." As the Court has explained, iRhythm's knowledge of patent applications or other Welch Allyn patents cannot give rise to a willful infringement claim and are not relevant, making this Request overly broad and unduly burdensome. *See* Transcript from January 27, 2025 Hearing. The Request is also overly broad and unduly burdensome because it is directed to Dr. Kumar's "knowledge of the…the subject matter of the Asserted Patents," which is not defined and could be interpreted as cardiac monitoring generally.

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks documents concerning the vague categories of "ECG monitoring" and the "subject matter of the Asserted Patents."

Dr. Kumar objects to this Request to the extent it seeks legal conclusions.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States. Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar has no documents or communications directed to the Welch Allyn patents asserted in this case, which are U.S. Patent Nos. 8,214,007; 8,965,492; 9,155,484; 10,159,422; 8,630,699; and 8,750,974.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 18:**

All documents and communications that constitute, refer, or relate to any studies, advice, analyses, or opinions between 2005 and 2011 regarding any of the Asserted Patents or the subject matter of the Asserted Patents.

**RESPONSE TO DOCUMENT REQUEST NO. 18:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents. On its face, this Request seeks "[a]ll documents and communications" relating to "any studies, advice, analyses, or opinions . . . regarding any of the Asserted Patents or the subject matter of the Asserted Patents," which include communications with counsel. Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case.  The earliest issue date of any patent asserted in this action is July 3, 2012, so it would have been impossible for Dr. Kumar to have identified any asserted patent in this case between 2005 and 2011, making this Request irrelevant and non-sensical.  The Request is also irrelevant and not proportional to the needs of the case because it is directed to "any studies, advice, analyses, or opinions…regarding…the subject matter of the Asserted Patents," which is not defined and could be interpreted as requesting any documents about cardiac monitoring generally.

Dr. Kumar objects to this Request as overly broad, unduly burdensome, vague and ambiguous, including because it seeks "[a]ll documents and communications" relating to "any studies, advice, analyses, or opinions between 2005 and 2011 regarding any of the Asserted Patents or the subject matter of the Asserted Patents."  As explained above, the "subject matter of the Asserted Patents" is not defined and is vague, ambiguous, overly broad, and unduly burdensome. Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as calling for a legal conclusion.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States.  Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case.  Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows:   Dr. Kumar has no studies, advice, analyses, or opinions between 2005 and 2011 about the Welch Allyn patents asserted in this case, which are U.S. Patent Nos. 8,214,007; 8,965,492; 9,155,484; 10,159,422; 8,630,699; and 8,750,974.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 19:**

All documents and communications that constitute, refer, or relate to any contract or agreement between You and iRhythm relating to ECG monitoring or the Accused Products.

**RESPONSE TO DOCUMENT REQUEST NO. 19:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking information protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines, including communications with counsel and other documents.  On its face, this Request seeks "[a]ll documents and communications" relating to "any contract between You and iRhythm relating to ECG monitoring or the Accused Products," which includes communications with counsel.  Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case, including because

it seeks "[a]ll documents and communications" relating to "any contract or agreement between [Dr. Kumar] and iRhythm relating to ECG monitoring or the Accused Products."   Dr. Kumar's contracts with iRhythm are not relevant to any issue in this case.

The definition of "Accused Products" which has a definition that is overly broad and unduly burdensome as explained in the General Objections.  Further Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as overly broad, unduly burdensome, vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks "[a]ll documents and communications that constitute, refer, or relate to any contract or agreement between [Dr. Kumar] and iRhythm"  and because it recites vague, overly broad categories such as "Accused Products" and "ECG monitoring."

Dr. Kumar objects to this Request to the extent it seeks documents and communications that are subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party.  Dr. Kumar does not intend to provide such documents or communications without the consent of the relevant persons or a court order.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows:  Dr. Kumar will produce non-public, nonprivileged, non-protected employment contracts between Dr. Kumar and iRhythm, to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request

as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 20:**

All documents and communications that constitute, refer, or relate to any contract or agreement between You and any third-party relating to ECG monitoring between 2005 and 2011.

**RESPONSE TO DOCUMENT REQUEST NO. 20:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking documents and communications protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.  On its face, this Request seeks "[a]ll documents and communications" relating to contracts between Dr. Kumar and "any third-party," including communications with counsel.  Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case, including because it seeks "[a]ll documents and communications" relating to "any contract or agreement between [Dr. Kumar] and any third-party relating to ECG monitoring between 2005 and 2011" and because it is not limited in scope to documents relating to any issue in this case.  Dr. Kumar objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request as vague, ambiguous, overly broad, and unduly

42

burdensome and as failing to describe the information sought with reasonable particularity, including because it seeks documents concerning the vague category of "ECG monitoring" and because Dr. Kumar's contracts with third-parties are not relevant to any issue in this case.

Dr. Kumar objects to this Request to the extent it seeks documents and communications that are subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Dr. Kumar does not intend to provide such documents or communications without the consent of the relevant persons or a court order.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar's contracts with third parties are not relevant to any issue in this case.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 21:**

All documents and communications sufficient to identify Your relationship with iRhythm between 2005 and present time.

**RESPONSE TO DOCUMENT REQUEST NO. 21:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking documents and communications protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines. On its face, this Request seeks "[a]ll documents

43

and communications" relating to Dr. Kumar's relationship with iRhythm, including communications with counsel. Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case, including because it seeks "[a]ll documents and communications" relating to "[Dr. Kumar's] relationship with iRhythm between 2005 and present time." Dr. Kumar's "relationship" with iRhythm is not relevant to any issue in this case.

Dr. Kumar objects to this Request as vague, ambiguous, overly broad, and unduly burdensome and as failing to describe the information sought with reasonable particularity, including because it seeks documents concerning Dr. Kumar's "relationship" with iRhythm, which is not defined and is vague. Dr. Kumar further objects to this Request as vague, ambiguous, overly broad, and unduly burdensome because Dr. Kumar's "relationship" with iRhythm is not relevant to any issue in this case. Dr. Kumar also objects to this Request as unduly burdensome as it seeks information equally available to Defendant iRhythm, a party to this case.

Dr. Kumar objects to this Request to the extent it seeks documents and communications that are subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Dr. Kumar does not intend to provide such information without the consent of the relevant persons or a court order.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows:  Dr. Kumar will produce non-public, nonprivileged, non-protected employment contracts between Dr. Kumar and iRhythm, to the extent such documents exist in his possession, custody, or control and can be identified upon a reasonable search.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this Request as additional facts are learned and as otherwise appropriate.

**DOCUMENT REQUEST NO. 22:**

All documents and communications between You and iRhythm and any third-party referring or relating to Welch Allyn, the Accused Products, the Asserted Patents, or the subject matter of the Asserted Patents between 2005 and present time.

**RESPONSE TO DOCUMENT REQUEST NO. 22:**

Dr. Kumar incorporates by reference his General Objections as if fully set forth herein.

Dr. Kumar objects to this Request as seeking documents and communications protected by the attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.  On its face, this Request seeks "[a]ll documents and communications" between "[Dr. Kumar] and iRhythm and any third-party," including attorneys.   Dr. Kumar will not disclose any information that is subject to protection from disclosure under any attorney-client privilege, attorney work-product doctrine, joint defense privilege, common interest exception, duty of confidentiality, or any other applicable privilege, immunity, doctrine, or protection, or under any other related doctrines.

Dr. Kumar objects to this Request as seeking documents and communications that are neither relevant to any claim or defense nor proportional to the needs of the case and that are

overly broad and unduly burdensome, including because this Request seeks "[a]ll documents and communications" regarding overly broad and unduly burdensome categories such as "the Accused Products" and "the subject matter of the Asserted Patents."

Dr. Kumar objects to this Request as vague and ambiguous and as failing to describe the information sought with reasonable particularity, including because it seeks documents and communications concerning the vague categories of "Accused Products" and "the subject matter of the Asserted Patents."

Dr. Kumar objects to this Request to the extent it seeks documents and communications that are subject to any protective order, privacy interest, contractual obligation, or other confidentiality obligation owed to any third party. Dr. Kumar does not intend to provide such documents or communications without the consent of the relevant persons or a court order.

Dr. Kumar objects to this Request because it is not limited to a relevant and reasonable time period nor limited to activities in the United States. Dr. Kumar will not, and is not obligated to, provide information regarding activities occurring outside the United States, including because it is outside the scope of 35 U.S.C. § 271, overly burdensome, and neither relevant to any claim or defense nor proportional to the needs of the case. Similarly, documents regarding the Zio AT, Zio XT, and Zio Next-Generation monitors before February 20, 2018 are not relevant to any issue in this case.

Subject to and without waiving any of the foregoing General and Specific objections, Dr. Kumar responds as follows: Dr. Kumar has no non-privileged, nonprotected documents directed to the patents that Welch Allyn has asserted in this case, which are U.S. Patent Nos. 8,214,007; 8,965,492; 9,155,484; 10,159,422; 8,630,699; and 8,750,974.

Dr. Kumar reserves the right to supplement, amend, or modify his response to this

Request as additional facts are learned and as otherwise appropriate.

Respectfully submitted,

FENWICK & WEST LLP

March 26, 2025

 /s/ Melanie L. Mayer
J. David Hadden
dhadden@fenwick.com
Allen Wang
allen.wang@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA  94041
Tel:  650.988.8500

Melanie L. Mayer
mmayer@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA  98101
Tel:  206.389.4510

Robert Edward Counihan
rcounihan@fenwick.com
FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY  10010
Tel:  212.430.2600

*Attorneys for Defendant
iRhythm Technologies, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that I caused to be served copies of the foregoing document on **March 26, 2025,**

upon the following in the manner indicated:


Philip A. Rovner, Esquire                              *VIA ELECTRONIC MAIL*
POTTER ANDERSON & CORROON LLP
P.O. Box 951
Wilmington, DE 19899
provner@potteranderson.com
*Attorneys for Plaintiff*

Jeffrey R. Gargano, Esquire                           *VIA ELECTRONIC MAIL*
Devon C. Beane, Esquire
Melissa M. Haulcomb, Esquire
Rebekah Hill, Esquire
K& L GATES LLP
70 West Madison Street, Suite 3300
Chicago, IL 60602
Jeffrey.Gargano@klgates.com
devon.beane@klgates.com
melissa.haulcomb@klgates.com
rebekah.hill@klgates.com
*Attorneys for Plaintiff*

Erik J. Halverson, Esquire                            *VIA ELECTRONIC MAIL*
K& L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
erik.halverson@klgates.com
*Attorneys for Plaintiff*


                                  */s/ Melanie L. Mayer*
                                  Melanie L. Mayer