IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WELCH ALLYN, INC., | ) ) | C.A. No. 24-224-MN |
| Plaintiff, | ) ) ) | |
| v. | ) ) | DEMAND FOR JURY TRIAL |
| IRHYTHM TECHNOLOGIES, INC., | ) ) | ████████████ |
| Defendant. | ) ) | REDACTED - PUBLIC VERSION |

**DEFENDANT IRHYTHM TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS THE WILLFUL INFRINGEMENT CLAIMS IN
THIRD AMENDED COMPLAINT**

OF COUNSEL:

J. David Hadden
Allen Wang
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Melanie L. Mayer
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
(206) 389- 4510

Robert Edward Counihan
FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY 10010
(212) 430- 2600

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
E. Paul Steingraber (#7459)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
began@morrisnichols.com
mdellinger@morrisnichols.com
esteingraber@morrisnichols.com

*Attorneys for Defendant
iRhythm Technologies, Inc.*

Originally Filed: November 14, 2025
Redacted Version Filed: November 21, 2025

# TABLE OF CONTENTS

**Page**

I.    THE TAC MUST DO MORE THAN "PUT IRHYTHM ON NOTICE" ...........................1

II.   THE TAC FAILS TO PLAUSIBLY ALLEGE THAT IRHYTHM HAD PRE-COMPLAINT KNOWLEDGE OF THE '422, '484, '492, '699, AND '974 PATENTS ........................................................................................................................1

III.  THE TAC FAILS TO PLAUSIBLY ALLEGE THAT IRHYTHM HAD PRE-COMPLAINT KNOWLEDGE OF THE '007 PATENT ....................................................2

      A.    Allegations that iRhythm Monitored Patent Filings of Competitors Do Not Plausibly Allege that iRhythm Had the Requisite Knowledge of the '007 Patent for Willful Infringement                                        3

      B.    Allegations that Dr. Kumar Conducted IP Searches Do Not Plausibly Allege that iRhythm Had the Requisite Knowledge of the '007 Patent for Willful Infringement                                                          4

      C.    Allegations that iRhythm Cited the Baker '953 Publication or the '007 Patent in IDS's Do Not Plausibly Allege that iRhythm Had the Requisite Knowledge of the '007 Patent for Willful Infringement                       5

IV.   THE TAC FAILS TO PLAUSIBLY ALLEGE THAT IRHYTHM KNOWINGLY OR INTENTIONALLY INFRINGED THE ASSERTED PATENTS PRIOR TO THE FILING OF THE COMPLAINTS ...............................................................................7

V.    WELCH ALLYN'S PRE-COMPLAINT WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED WITH PREJUDICE................................................................9

VI.   WELCH ALLYN'S POST-COMPLAINT WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED ...............................................................................10

VII.  CONCLUSION....................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) .................................................................................................1, 6, 8, 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................................1, 8, 9

*Callwave Commc'ns LLC v. AT&T Mobility LLC*,
  C.A. No. 12-1701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014) ...............................5, 6

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
  C.A. No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012) ................................5, 6

*Finjan, Inc. v. Juniper Networks, Inc.*,
  C.A. No. 17-5659-WHA, 2018 WL 905909 (N.D. Cal. Feb. 14, 2018)..................................4

*FotoMedia Tech., LLC v. AOL, LLC*,
  C.A. No. 07-255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) .......................................8, 9

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011).................................................................................................................9

*Helios Streaming, LLC v. Vudu, Inc.*,
  C.A. No. 19-1792-CFC-SRF, 2021 WL 254069 (D. Del. Jan. 26, 2021)...............................5

*iFIT Inc. v. Peloton Interactive, Inc.*,
  C.A. No. 21-507-RGA, 2022 WL 609605 (D. Del. Jan. 28, 2022) ........................................5

*LiTL LLC v. Lenovo (US), Inc.*,
  C.A. No. 20-689-RGA, 2022 WL 610739 (D. Del. Jan. 21, 2022) ........................................2

*Madden, Ltd. v. Yves St. Lauren*,
  C.A. No. 18-7592-VEC, 2019 WL 2023766 (S.D.N.Y. May 8, 2019) ...................................9

*Malvern Panalytical Ltd. v. Ta Instruments-Waters LLC*,
  C.A. No. 19-2157-RGA, 2021 WL 3856145 (D. Del. Aug. 27, 2021)....................................4

*Mitutoyo Corp. v. Central Purchasing, LLC*,
  499 F.3d 1284 (Fed. Cir. 2007)...............................................................................................1

*MONEC Holding AG v. Motorola Mobility, Inc.*,
  897 F. Supp. 2d 225 (D. Del. 2012).........................................................................................9

*Netgear Inc. v. Ruckus Wireless, Inc.*,
  852 F.Supp.2d 470 (D. Del. 2012)...........................................................................................8

*Network Managing Solutions, LLC v. AT&T Mobility, LLC*,
  C.A. No. 16-295-RGA-MPT, 2017 WL 5195863 (D. Del. Nov. 9, 2017) ..............................9

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

**CASES**

*Princeton Digit. Image Corp. v. Ubisoft Ent. S.A.*,
  C.A. No. 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ............................5, 6

*Spherix Inc. v. Juniper Networks, Inc.*,
  C.A. No. 14-578-SLR, 2015 WL 1517508 (D. Del. Mar. 31, 2015)....................................5, 6

*Tot Power Control, S.L. v. Apple Inc.*,
  C.A. No. 21-1302-MN, D.I. 246............................................................................................2

*TriPlay, Inc. v. WhatsApp Inc.*,
  C.A. No. 13-1703-LPS-CJB, 2018 WL 1479027 (D. Del. Mar. 27, 2018) .............................6

*VLSI Tech. LLC v. Intel Corp.*,
  C.A. No. 18-966-CFC, 2020 WL 3488584 (D. Del. June 26, 2020) .......................................4

*vMedex, Inc. v. TDS Operating, Inc.*,
  C.A. No. 18-1662-MN, 2021 WL 1737298 (D. Del. May 3, 2021) .......................................10

*Xpoint Technologies, Inc. v. Microsoft Corp.*,
  730 F. Supp. 2d 349 (D. Del. 2010)........................................................................................8

## I.     THE TAC MUST DO MORE THAN "PUT IRHYTHM ON NOTICE"

Welch Allyn is not correct that the pleading standard for willful infringement is "simply that the complaint put iRhythm on notice" of its allegations.  (Opp. at 6.)  Instead, as this Court explained in ruling on the last motion to dismiss, the Court must "dismiss any claims that fail as a matter of law or do not contain sufficient factual ma2tter to state a claim for relief that is plausible on its face."  (Opening Brief, Ex. A (Transcript from January 28, 2025 Hearing) at 16.)  Welch Allyn cites *Mitutoyo Corp. v. Central Purchasing, LLC*, 499 F.3d 1284 (Fed. Cir. 2007) in support of its "simply provide notice" standard.  But *Mitutoyo* was decided in 2007, before the Supreme Court explained in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), that the pleading standard it established in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), was generally applicable to all civil claims and not limited to the antitrust claims addressed in *Twombly*.  *Iqbal* explains that "[t]o survive a motion to dismiss, a complaint must contain ***sufficient factual matter***, accepted as true, to 'state a claim to relief that is ***plausible on its face***.'"  556 U.S. at 678 (emphases added).  A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.*  Analyzed under the proper *Iqbal/Twombly* standard, the TAC fails to plausibly allege iRhythm had pre-complaint knowledge of the asserted patents or that it knowingly infringed those patents.  Welch Allyn's willful infringement claims should be dismissed.

## II.     THE TAC FAILS TO PLAUSIBLY ALLEGE THAT IRHYTHM HAD PRE-COMPLAINT KNOWLEDGE OF THE '422, '484, '492, '699, AND '974 PATENTS

Welch Allyn does not dispute that the TAC does not include any allegations that the '422, '484, '492, '699, or '974 patents were ever brought to iRhythm's attention prior to the filing of the complaints.  The TAC only includes near-identical allegations for each of these patents that iRhythm had knowledge based on a "family member"—the '007 patent—being included in an IDS during prosecution of some of iRhythm's patents.  (TAC ¶¶ 80-84, 98, 104, 111, 117, 124.)

But even assuming iRhythm had knowledge of the '007 patent (it did not), this does not give iRhythm knowledge of five different patents. *See Tot Power Control, S.L. v. Apple Inc.*, C.A. No. 21-1302-MN, D.I. 246 ¶ 16 (D. Del. May 22, 2024) (attached as Ex. C) (knowledge of one patent is not sufficient to establish knowledge of related asserted patents) (citing *LiTL LLC v. Lenovo (US), Inc.*, C.A. No. 20-689-RGA, 2022 WL 610739, at *8, 10 (D. Del. Jan. 21, 2022) (same)).

Welch Allyn does not even attempt to distinguish the *Tot Power Control* and *LiTL* cases—which were cited during the last motion to dismiss—and it cites no contrary authority. Welch Allyn also does not dispute that the TAC's allegations regarding the '422, '484, '492, '699, and '974 patents are essentially identical to the allegations in the previous complaint, which this Court dismissed because "the mere citation in a patent prosecution, by itself, is insufficient to plausibly plead knowledge" and "the allegations do not even state that iRhythm mentioned the '422, '484, and '492 patents *themselves*, only 'one family member.'" (Ex. A at 19 (emphasis in original).) Just as before, allegations that iRhythm cited the '007 patent in an IDS cannot plausibly plead that iRhythm had knowledge of five **completely different** patents. Welch Allyn's pre-complaint willful infringement claims for the '422, '484, '492, '699, and '974 patents should be dismissed.

## III.  THE TAC FAILS TO PLAUSIBLY ALLEGE THAT IRHYTHM HAD PRE-COMPLAINT KNOWLEDGE OF THE '007 PATENT

For iRhythm's alleged knowledge of the '007 patent, Welch Allyn points to allegations that (1) iRhythm monitored the patent filings of competitors, including Welch Allyn; (2) Dr. Kumar conducted patent searches; and (3) iRhythm cited the Baker '953 Publication or the '007 patent in IDS's. (Opp. at 10-12.) The previous FAC included similar allegations, and the Court already explained they are not sufficient to plead willful infringement because they do not plausibly allege that iRhythm had knowledge of the '007 patent—or any other asserted patent. The same is true for the allegations in the TAC.

A.    **Allegations that iRhythm Monitored Patent Filings of Competitors Do Not Plausibly Allege that iRhythm Had the Requisite Knowledge of the '007 Patent for Willful Infringement**

Welch Allyn points to allegations that iRhythm monitored the patent filings of competitors including Welch Allyn.  (Opp. at 10-11; citing TAC ¶¶ 50-62.)  But the previous FAC already included allegations that "iRhythm competes with…Welch Allyn," and that "iRhythm monitors products and patent filings of its competitors, including Welch Allyn."  (D.I. 12 ¶¶ 47-48.)  In granting iRhythm's last motion to dismiss, the Court explained that "allegations about monitoring competition generally and about patents not asserted here do not plausibly establish that a defendant had knowledge of infringement of the asserted patents."  (Ex. A at 20-21 (cleaned up).)  None of the new allegations in the TAC change this result.

Welch Allyn first argues that the TAC adds more allegations about Welch Allyn being a competitor ███████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

██████████████████    But Welch Allyn misses the point—allegations that Welch Allyn is a competitor of iRhythm cannot plausibly establish that iRhythm had knowledge of the specific patents asserted in this litigation.  Therefore, adding more allegations that Welch Allyn is a competitor does not help or change the result from the last time the Court dismissed these claims.

Welch Allyn next argues that the TAC adds allegations ██████████████████████████

███████████████████████████████████████████████████████████████

██████████████████████████████████████████████    But as

3

explained in the opening brief, there is a long line of cases holding that these general allegations about iRhythm monitoring competitor patent issuances are not sufficient to plead iRhythm's knowledge of the specific patents asserted in this case.  (*See* Opening Br. at 9-10); *VLSI Tech. LLC v. Intel Corp*., C.A. No. 18-966-CFC, 2020 WL 3488584, at *5 (D. Del. June 26, 2020) (allegation that defendant "monitored its competitors' activities" does not plausibly allege that defendant had knowledge of the asserted patents or that it knowingly infringed those patents); *Malvern Panalytical Ltd. v. Ta Instruments-Waters LLC*, C.A. No. 19-2157-RGA, 2021 WL 3856145, at *3 (D. Del. Aug. 27, 2021) (allegations relating to defendant's competitive intelligence, research and development, sales, and marketing activities fail to provide "specific factual matter" directed to defendant's knowledge of the asserted patents or infringement of those patents); *Finjan, Inc. v. Juniper Networks, Inc*., C.A. No. 17-5659-WHA, 2018 WL 905909, at *3 (N.D. Cal. Feb. 14, 2018) (allegations that defendant had knowledge of plaintiff's patent portfolio does not provide specific factual allegations regarding knowledge of the asserted patents). ███████████████ ███████████████████████████████████████████ █████████████ Welch Allyn does not bother to address *VLSI*, *Malvern*, or *Finjan*, and it does not cite any contrary authority.

### B.  Allegations that Dr. Kumar Conducted IP Searches Do Not Plausibly Allege that iRhythm Had the Requisite Knowledge of the '007 Patent for Willful Infringement

Welch Allyn next points to allegations that Dr. Kumar co-authored a Biodesign textbook published in 2010 that describes conducting IP searches and monitoring the IP landscape.  (Opp. at 11 (citing TAC ¶¶ 55, 59).)  But as explained in the opening brief, the excerpts from that textbook (attached as Exhibits 44 and 45 to the TAC) explain that the IP searches were done when Dr. Kumar was a "fellow[] in Stanford University's Program in Biodesign" before iRhythm was founded in 2006.  (TAC, Ex. 44 at 232, Ex. 45 at 312.)  In addition, Dr. Kumar left iRhythm in

4

2011 so he could not have identified the asserted patents—which issued between July 2012 and December 2018—through any IP searches during his time at iRhythm because they did not exist. Welch Allyn's argument that the IP searches continued "at least until 2015" because the second edition of the textbook was republished in 2015 makes no sense. (Opp. at 5, 12.) If a report of the Battle of Gettysburg is republished in 2025, that does not mean that battle occurred in 2025.

### C. Allegations that iRhythm Cited the Baker '953 Publication or the '007 Patent in IDS's Do Not Plausibly Allege that iRhythm Had the Requisite Knowledge of the '007 Patent for Willful Infringement

Welch Allyn points to the TAC's allegations that iRhythm's outside counsel included the Baker '953 Publication and the '007 patent in IDS's during prosecution of some of iRhythm's patents. (Opp. at 12; *see* TAC ¶¶ 64-71, 79.) These are the same allegations from the FAC that this Court already held are insufficient to plausibly allege iRhythm's knowledge of the '007 patent—or any other asserted patent. Welch Allyn ignores the *iFIT* and *Helios Streaming* cases cited in the opening brief, as well as this Court's ruling on the last motion to dismiss, which all explain that "[k]nowledge of a patent application alone…is not enough to establish knowledge of the patent(s) that issued from that application and therefore not enough to establish willfulness." *iFIT Inc. v. Peloton Interactive, Inc.*, C.A. No. 21-507-RGA, 2022 WL 609605, at *2 (D. Del. Jan. 28, 2022); *see also Helios Streaming, LLC v. Vudu, Inc.*, C.A. No. 19-1792-CFC-SRF, 2021 WL 254069, at *5 (D. Del. Jan. 26, 2021); (Ex. A at 18.) Welch Allyn also does not even try to distinguish the long line of cases cited in the opening brief—including *Princeton Digital*, *Callwave*, *Chalumeau*, and *Spherix*—that all hold that citing a patent in multiple IDS's is not sufficient to establish the requisite knowledge of that patent for willful infringement.

Welch Allyn points to an allegation made "[u]pon information and belief" that "iRhythm monitored the status of the '953 Publication through its issuance as the '007 Patent." (Opp. at 7 (citing TAC ¶ 73).) But as explained in the opening brief, this allegation is pure conjecture, which

this Court need not accept as true. *TriPlay, Inc. v. WhatsApp Inc.*, C.A. No. 13-1703-LPS-CJB, 2018 WL 1479027, at *3 (D. Del. Mar. 27, 2018). Welch Allyn cites cases for the proposition that allegations can be made on information and belief. But Welch Allyn misses the point—regardless of whether an allegation is made on information and belief or not, there must be some factual content that makes the allegation plausible. *Iqbal*, 556 U.S. at 678. The Court is not required to accept "naked assertions" just because they are alleged "upon information and belief." *Id*. Here, the allegation that iRhythm monitored the status of the '953 Publication through its issuance as the '007 patent is just pure conjecture; there is no factual content that makes it plausible.

Welch Allyn next relies on an allegation ████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████ And as explained in the opening brief, even if the Court accepts Welch Allyn's mischaracterization of Dr. Kumar's testimony as true, no IDS that Dr. Kumar would have reviewed "during his time at iRhythm" would have listed any of the asserted patents because Dr. Kumar left iRhythm in 2011 and the asserted patents issued between July 2012 and December 2018. (Opening Brief, Ex. B.) In addition, *Princeton Digital*, *Callwave*, *Chalumeau*, and *Spherix* all hold that including a patent in multiple IDS's cannot establish knowledge of that patent for willful infringement. So, an allegation that Dr. Kumar reviewed an IDS cannot plausibly allege that iRhythm had the requisite knowledge of the '007 patent for willful infringement.

Welch Allyn also relies on an allegation that Dr. Kumar was "well-versed" with using PAIR. (Opp. at 9 (citing TAC ¶ 74).) But even assuming Dr. Kumar was skilled with PAIR, this

does not plausibly allege iRhythm's knowledge of any of the specific patents at issue in this case. In addition, as explained above, Dr. Kumar left iRhythm in 2011, before any of the patents asserted in this case even existed so he could not have possibly located them in PAIR. (Ex. B.)

## IV.    THE TAC FAILS TO PLAUSIBLY ALLEGE THAT IRHYTHM KNOWINGLY OR INTENTIONALLY INFRINGED THE ASSERTED PATENTS PRIOR TO THE FILING OF THE COMPLAINTS

As explained above, the TAC fails to plausibly plead that iRhythm had pre-complaint knowledge of the asserted patents. iRhythm could not have knowingly or intentionally infringed patents for which it had no knowledge. Indeed, the only allegations in the TAC regarding iRhythm's knowing or intentional infringement of the '422, '484, '492, '699, or '974 patents are the conclusory sentences that iRhythm's infringement was "deliberate, willful and wanton" or alternatively involved "willful blindness" based on iRhythm including the '007 patent in IDS's. (TAC ¶¶ 98, 104, 111, 117, 124). As shown in the table below, these allegations are essentially identical to the allegations in the FAC, which this Court already determined are not sufficient because they are "conclusory" and "do not support a plausible inference that [iRhythm] knew it infringed the asserted patents." (Ex. A at 20.)

| FAC ¶ 72 (D.I. 12) | As previously described, iRhythm's infringement has been deliberate, willful and wanton, and with full knowledge, or in the alternative, willful blindness of the '492 Patent, as iRhythm has cited at least one family member of the '492 Patent on the face of several of its issued patents. *See, e.g.*, Ex. 25 at 2 (citing the '007 Patent); Ex. 24. |
|---|---|
| TAC ¶ 98 (D.I. 83) | As previously described, iRhythm's infringement has been deliberate, willful and wanton, and with full knowledge, or in the alternative, willful blindness of the '492 Patent, as iRhythm has cited at least one family member of the '492 Patent on the face of several of its issued patents. *See, e.g.*, Ex. 25 at 2-3 (citing the '007 Patent). |

Similarly, for the '007 patent, the TAC only includes conclusory allegations that iRhythm's infringement was "done with full and express knowledge" of that patent or that "[u]pon information and belief, iRhythm continued to develop the Accused Products despite a known risk"

of infringement.  (TAC ¶¶ 78, 92.)  But as explained above, there is no plausible allegation that iRhythm had any "full or express knowledge" of the '007 patent, and these conclusory allegations cannot support any plausible inference that iRhythm knew it infringed.

Welch Allyn cites *Xpoint Technologies, Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349 (D. Del. 2010), in support of its argument that these conclusory allegations are enough.  (Opp. at 9.) However, as iRhythm previously explained, the plaintiff in *Xpoint* provided much more than a conclusory sentence and instead included "several paragraphs" of allegations that defendant HP had knowledge of the asserted patents based on the parties "exchang[ing] proprietary information…pursuant to a materials license agreement" and that the "employees who were involved in negotiating the agreement remained employed with HP" and "knew or should have known" of the infringement.  730 F. Supp. 2d at 357-58.  More importantly, the Court in *Xpoint* found that a conclusory allegation—like the one here—that two other defendants "had actual and constructive notice that their conduct infringed on the claims of the [asserted p]atent but nevertheless continued their infringing conduct" was ***not*** sufficient.  *Id*. at 356.  *Xpoint* does not help Welch Allyn and instead reinforces that what is pled in the TAC is not enough.

Welch Allyn's remaining cited cases are either inapposite or inconsistent with *Iqbal*/*Twombly*.  In *Netgear Inc. v. Ruckus Wireless, Inc.*, the complaint alleged that the defendant "previously licensed the [asserted] patent" and therefore it included non-conclusory allegations regarding knowledge and infringement of the asserted patent.  852 F. Supp. 2d 470, 475 (D. Del. 2012).  Just like *Xpoint*, *Netgear* reinforces that what is pled in the TAC is not enough.  *FotoMedia Technologies, LLC v. AOL, LLC*, C.A. No. 07-255, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008), is an out-of-district case decided in 2008, before the Supreme Court's 2009 decision in *Iqbal*, which held that the pleading standard announced in *Twombly* applied to all civil claims.  Therefore,

*FotoMedia*'s statement that a complaint need only provide notice of a claim and that Form 16 (later Form 18) is sufficient is no longer good law, both because it is inconsistent with *Iqbal*/*Twombly* and because the Supreme Court has since abrogated FRCP 84, thereby invalidating the form complaints. *See, e.g.*, *Network Managing Sols., LLC v. AT&T Mobility, LLC*, C.A. No. 16-295-RGA-MPT, 2017 WL 5195863, at *3 (D. Del. Nov. 9, 2017) (explaining that the Supreme Court abrogated Form 18 on December 1, 2015, leaving infringement claims subject to the *Iqbal*/*Twombly* pleading standard); *Steven Madden, Ltd. v. Yves St. Laurent*, C.A. No. 18-7592-VEC, 2019 WL 2023766, at *4 (S.D.N.Y. May 8, 2019) (same).

Welch Allyn also points to the conclusory allegations that iRhythm was willfully blind. But as this Court explained in ruling on the last motion to dismiss, willful blindness requires "affirmative actions taken by the defendant to avoid gaining actual knowledge of the patent-in-suit." *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 230 (D. Del. 2012); *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011)). Welch Allyn never disputes that the TAC fails to include any specific, non-conclusory allegations of discrete acts undertaken by iRhythm to remain ignorant of the asserted patents.

## V.    WELCH ALLYN'S PRE-COMPLAINT WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED WITH PREJUDICE

Welch Allyn's pre-complaint willful infringement claims should be dismissed with prejudice. The TAC is Welch Allyn's third failed attempt to plead willful infringement, and it only adds allegations that this Court has already explained are insufficient—either because they are conclusory or because they cannot plausibly establish iRhythm's knowledge of the asserted patents or of infringement. Welch Allyn's only response is that discovery is ongoing, and it intends to seek yet another deposition of Dr. Kumar. But that is not the standard for deciding a motion to dismiss. And Welch Allyn already deposed Dr. Kumar and asked all its questions regarding willful

9

infringement.[1]   The deadline for substantial completion of document production has passed, and Welch Allyn does not dispute that there are no new documents about willful infringement to explore during yet another deposition.  Welch Allyn's pre-complaint willful infringement claims should be dismissed with prejudice.  *See, e.g., vMedex, Inc. v. TDS Operating, Inc*., C.A. No. 18-1662-MN, 2021 WL 1737298, at *9 (D. Del. May 3, 2021) (dismissing claims with prejudice where plaintiff "had multiple attempts to replead its claims").

## VI.    WELCH ALLYN'S POST-COMPLAINT WILLFUL INFRINGEMENT CLAIMS SHOULD BE DISMISSED

With respect to the post-complaint willful infringement claims, Welch Allyn does not dispute that iRhythm has vigorously disputed infringement of the asserted patents and has additionally challenged the validity of those patents from the very beginning of this action, including as reflected in iRhythm's Answer to the complaints.  (*See* D.I. 45.)  Moreover, the Court previously dismissed Welch Allyn's willful infringement claims, including post-complaint willfulness "without prejudice to bring back should discovery uncover additional facts that support willfulness." *See* Jan. 28, 2025 Minute Entry.  Yet, Welch Allyn has uncovered no additional facts relevant to its allegations and ignores the prior dismissal of its post-complaint willfulness claims. Conclusory allegations of post-complaint willfulness added to its TAC should not suffice where the First Amended Complaint's willful infringement claims were previously dismissed and, throughout the period following the filing of the original Complaint, iRhythm has maintained that the patents-in-suit are not infringed and invalid.

## VII.    CONCLUSION

Welch Allyn's willful infringement claims should be dismissed with prejudice.

---

[1] Even if additional documents had been produced, Welch Allyn made a strategic decision to depose Dr. Kumar before the substantial completion deadline and should not be permitted to take another deposition premised on additional documents having been produced after that deposition.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

_____

Brian P. Egan (#6227)
Megan E. Dellinger (#5739)
E. Paul Steingraber (#7459)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
began@morrisnichols.com
mdellinger@morrisnichols.com
esteingraber@morrisnichols.com

*Attorneys for Defendant*

OF COUNSEL:

J. David Hadden
Allen Wang
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 988-8500

Melanie L. Mayer
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
(206) 389- 4510

Robert Edward Counihan
FENWICK & WEST LLP
902 Broadway, 18th Floor
New York, NY 10010
(212) 430- 2600

Min Wu
FENWICK & WEST LLP
555 California Street, Suite 12
San Francisco, CA 94104
(415) 875-2300

November 14, 2025

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

TOT POWER CONTROL, S.L.,       )
                               )
            Plaintiff,         )
                               )
      v.                       )       Civil Action No. 21-1302-MN
                               )
APPLE INC.,                    )
                               )
            Defendant.         )

## MEMORANDUM ORDER

At Wilmington this **22nd** day of **May, 2024**, the court having considered the motion for leave to file a second amended complaint ("SAC") filed by plaintiff TOT Power Control, S.L. ("Plaintiff"), and the associated filings (D.I. 216; D.I. 218; D.I. 219), IT IS ORDERED that Plaintiff's motion is DENIED for the following reasons:

1. **Background.** Plaintiff filed this patent infringement action against defendant Apple Inc. ("Apple") on September 14, 2021, alleging infringement of U.S. Patent Nos. 7,532,865 and 7,496,376 (together, the "Asserted Patents"). (D.I. 1) Plaintiff specifically alleged that Apple's infringement of the Asserted Patents was willful, citing its own disclosure of the claimed inventions to chipmakers Intel and Qualcomm at different times between 2005 and 2014. (*Id.* at ¶¶ 46, 61)

2. Apple moved to dismiss the action and transfer the case to the Northern District of California in motions filed in January of 2022, and the court held a hearing on those motions on June 15, 2022. (D.I. 8; D.I. 13; D.I. 33) During the hearing, the court granted Apple's motion to dismiss Plaintiff's claims for willfulness and enhanced damages because there were no well-pleaded allegations of knowledge. (D.I. 33 at 23:14-16) The complaint alleged the inventions of the patents were disclosed to others, and Apple should have known about those disclosures. (*Id.*

at 23:16-20)  The court concluded that these averments were insufficient to plausibly allege Apple's knowledge of the patents and knowledge of infringement of the patents, as required to state a claim for willful infringement.  (*Id.* at 23:20-24)

3.  Plaintiff filed an amended complaint, reasserting claims of pre-suit and post-suit willful infringement and enhanced damages.  (D.I. 34 at ¶¶ 51, 61)  Plaintiff subsequently stipulated to drop the willful infringement and enhanced damages claims from the amended complaint, on the condition that Plaintiff could later amend the pleading to add allegations of pre-suit willful infringement based on evidence uncovered within the first five months of the fact discovery period.  (D.I. 36 at 1; D.I. 38)

4.  The parties later stipulated to extend the deadline for Plaintiff to amend the complaint until two weeks after the corporate deposition of one or more Apple witnesses on Topics 1-14 in Plaintiff's 30(b)(6) deposition notice.  (D.I. 73 at 2)  Apple offered to make a witness available on these topics in August of 2023, but Plaintiff declined to take the deposition until it had adequate responses to its requests for production and interrogatories on willfulness. (D.I. 102 at 19:14-20:3)

5.  Plaintiff challenged the sufficiency of Apple's responses to written discovery requests on willfulness during a discovery dispute hearing on September 19, 2023.  (D.I. 91; D.I. 102)  The court ordered Apple to supplement its discovery responses to clarify whether Apple was continuing to search for and produce responsive documents or, alternatively, to verify that it had no further responsive information to produce.  (*See, e.g.*, D.I. 102 at 35:19-36:7)

6.  In November of 2023, Plaintiff also issued a subpoena to Intel to obtain willfulness discovery beyond the discovery produced by Apple.  (D.I. 110)  Intel produced documents responsive to the subpoena on January 31, 2024.  (D.I. 216, Ex. 4)  Intel's production revealed

that a current Apple employee, Bernd Adler, received presentations disclosing Plaintiff's inventions while employed by Intel. (*Id.*, Ex. 5)

7. Plaintiff deposed three 30(b)(6) designees on Topics 1-14 pertaining to willfulness on March 13, March 19, and March 28, 2024. (*Id.*, Ex. 7) On March 27, Plaintiff deposed Bernd Adler. (D.I. 125; D.I. 216 at 2) Plaintiff sought leave to file the SAC on April 12, 2024, fifteen days after taking the final 30(b)(6) deposition on the willfulness topics. (D.I. 216 at 4; Ex. 8)

8. **Legal standard.** Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend the pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. Futility is measured under the same standard applicable to a Rule 12(b)(6) motion to dismiss: "If the complaint, as amended, would not survive a motion to dismiss, leave to amend may be denied as futile." *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2020 WL 3488584, at *2 (D. Del. June 26, 2020) (quoting *Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, C.A. No. , 2016 WL 720977, at *7 (D. Del. Feb. 23, 2016)).

9. If a party seeks leave to amend after a deadline imposed by the scheduling order, the court must apply Rule 16 of the Federal Rules of Civil Procedure. *See WebXchange Inc. v. Dell Inc.*, C.A. No. 08-132-JJF, 2010 WL 256547, at *2 (D. Del. Jan. 20, 2010). A court-ordered schedule "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The good cause element requires the movant to demonstrate that, despite diligence,

3

the proposed claims could not have been reasonably sought in a timely manner." *Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d 612, 618 (D. Del. 2010). The focus of the good cause inquiry is on diligence of the moving party, rather than on prejudice, futility, bad faith, or any of the other Rule 15 factors. *See Glaxosmithkline LLC v. Glenmark Pharms. Inc.*, C.A. No. 14-877-LPS-CJB, 2016 WL 7319670, at *1 (D. Del. Dec. 15, 2016). Only after having found the requisite showing of good cause will the court consider whether the proposed amended pleading meets the Rule 15(a) standard. *See E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000).

**10. Analysis.** On this record, Plaintiff has satisfied the good cause standard by diligently pursuing the discovery necessary to amend its willfulness allegations. The parties' stipulation on willfulness discovery, which extended the deadline for an amended pleading until two weeks after 30(b)(6) depositions of Apple's witnesses on willfulness topics, supersedes the deadline for amended pleadings set forth in the scheduling order. (D.I. 43; D.I. 73) Plaintiff does not dispute that it sought leave to amend the complaint one day after the stipulated deadline expired. (D.I. 216 at 4)

**11.** However, the record shows that Plaintiff diligently sought the discovery contemplated by the parties' stipulation on willfulness discovery and confronted resistance from Apple. (D.I. 73; D.I. 102 at 35:19-38:5) This necessitated a third-party subpoena to Intel and a concentrated period of deposition discovery preceding Plaintiff's motion for leave to amend. (D.I. 110; D.I. 216 at 2) Under these circumstances, Plaintiff's delay in seeking leave to file the SAC one day after the deadline contemplated by the parties' stipulation does not indicate a lack of diligence. Having determined that the good cause standard is met under the unique circumstances presented in this case, the court next turns to whether the proposed SAC satisfies the Rule 15(a) standard. *See E. Minerals*, 225 F.3d at 340.

4

**12.** Amendment would be futile in this case because the willfulness allegations in the proposed SAC do not cure all the deficiencies previously identified by the court in the original complaint. (D.I. 216, Ex. 2; D.I. 33 at 23:14-24)  To state a claim of willful infringement, a plaintiff must plausibly allege that the accused infringer knew of the patent-in-suit and deliberately or intentionally infringed the patent-in-suit after obtaining that knowledge.  *iFIT Inc. v. Peloton Interactive, Inc.*, C.A. No. 21-507-RGA, 2022 WL 609605, at \*1 (D. Del. Jan. 28, 2022); *APS Tech., Inc. v. Vertex Downhole, Inc.*, C.A. No. 19-1166-MN, 2020 WL 4346700, at \*4 (D. Del. July 29, 2020).  The court previously rejected the notion that Apple's knowledge of disclosures made by Plaintiff to third parties was sufficient to establish Apple's knowledge of the patents and/or knowledge of infringement.  (D.I. 33 at 23:14-24)

**13.** The SAC's allegation that former Intel and Infineon employees were aware of Plaintiff's patent application and unspecified "patented technology" in 2009 is not enough to establish Apple's knowledge of the Asserted Patents.  (D.I. 216, Ex. 2 at 47-50)  "Knowledge of a patent application alone . . . is not enough to establish knowledge of the patent(s) that issued from that application and therefore not enough to establish willfulness."  *See iFIT*, 2022 WL 609605, at \*2).  Moreover, these averments do not suggest the former Intel and/or Infineon employees knew of any infringement of Plaintiff's technology.  (D.I. 216, Ex. 2 at ¶¶ 47-50)

**14.** The proposed SAC also alleges that certain unnamed Intel employees were made aware of the Asserted Patents when Plaintiff shared presentations referencing those patents, and communications by Intel employees confirmed they understood that Plaintiff's technology was patented.  (D.I. 216, Ex. 2 at ¶¶ 51-52)  The SAC describes a communication by Intel's Head of Wireless System Engineering, who stated his approval of Plaintiff's invention but indicated that the license fee was likely too expensive for Intel.  (*Id.*, Ex. 2 at ¶ 53)  To connect these averments

to Apple, Plaintiff alleges that "[t]his individual is currently the Senior Director of Wireless Architecture at Apple[.]" (*Id.*) The proposed SAC generally suggests this knowledge was "transferred to Apple" when Apple hired former Intel and Infineon employees, and/or when Apple acquired Intel's mobile smartphone modem business in 2019. (*Id.*, Ex. 2 at ¶¶ 47, 67) The SAC does not expressly aver that Intel's former Head of Wireless System Engineering disclosed his knowledge of the Asserted Patents to others at Apple.

      **15.** Assuming that the former Intel employee's knowledge of the Asserted Patents is attributed to Apple, the SAC still does not plead Apple's knowledge of infringement. *ReefEdge Networks, LLC v. Juniper Networks, Inc.*, 29 F. Supp. 3d 455, 458 (D. Del. 2014); *see Entropic Commc'ns, LLC v. Comcast Corp.*, 2023 WL 9189317, at *7 (C.D. Cal. Nov. 20, 2023) ("[T]he Court is not convinced that [a named inventor's] personal knowledge from his prior employment can be imputed to Comcast as a whole," and even if it could, the allegations established knowledge of the patents but not knowledge of infringement). Plaintiff does not allege that any former Intel employee was aware of Apple's allegedly infringing products or that their responsibilities at Apple involved knowledge acquired at Intel. *ReefEdge*, 29 F. Supp. 3d at 458 (concluding it would not be reasonable to infer that the defendant had knowledge of the risk of infringement based on its deputy general counsel's previous employment with a company that marketed the patents-in-suit to the plaintiff); *see also NantWorks, LLC v. Niantic, Inc.*, 2021 WL 24850, at *8 (N.D. Cal. Jan. 4, 2021) (dismissing willfulness claim based on allegations that defendant hired former employees of a company related to plaintiff, and stating that inference of knowledge of patents and knowledge of infringement from those facts was "speculation.").

      **16.** Finally, the SAC adds that Apple learned of the Asserted Patents and its infringement of those patents on July 6, 2021, when it received a copy of pleadings from

litigation Plaintiff was pursuing in the United Kingdom. (D.I. 216, Ex. 2 at ¶¶ 54-55, 69)  Those pleadings included a claim chart comparing an iPhone 6s to European Patent 1926224, which has similar claims to the Asserted Patents. (*Id.*)  But knowledge of a related patent is not sufficient to establish knowledge of the different claims in the Asserted Patents. *See LiTL LLC v. Lenovo (US), Inc.*, C.A. No. , 2022 WL 610739, at *8, 10 (D. Del. Jan. 21, 2022) (holding that knowledge of one patent was not sufficient to establish knowledge of related asserted patents). Because the claims of the European patent differ from those of the Asserted Patents, disclosure of the European patent is not sufficient to establish Apple's knowledge of its alleged infringement of the Asserted Patents.

17. Plaintiff submitted the proposed amended SAC with the benefit of fact discovery on the issue of willful infringement. (D.I. 73; D.I. 216)  Fact discovery is now closed. (D.I. 158) Having determined that it would be futile to permit Plaintiff's willful infringement claim as stated in the proposed SAC, the court finds no basis for giving Plaintiff a fourth attempt to state a claim for willful infringement.  Consequently, Plaintiff's motion for leave to amend is denied with prejudice.

18. **Conclusion.**  For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for leave to file the SAC is DENIED with prejudice. (D.I. 216)  IT IS FURTHER ORDERED that the oral argument set in this matter for June 6, 2024 at 2:00 p.m. is CANCELLED.

19. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties.  In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties shall jointly submit a proposed redacted version by no later than **May 29, 2024**, for review by the court, along with a motion supported by a declaration.  Any argument

that portions of the Memorandum Order should be sealed must be supported by "a particularized showing of the need for continued secrecy" sufficient to overcome the strong presumption of public access to court records. *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672, 675 n.10 (3d Cir. 2019) (quoting *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) (internal quotation marks omitted)). If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the date the Memorandum Order issued.

**20.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**21.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
United States Magistrate Judge

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 14, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on November 14, 2025, upon the following in the manner indicated:

Philip A. Rovner, Esquire                          *VIA ELECTRONIC MAIL*
Andrew M. Moshos, Esquire
P. Andrew Smith, Esquire
POTTER ANDERSON & CORROON LLP
P.O. Box 951
Wilmington, DE  19899
*Attorneys for Plaintiff*

Jeffrey R. Gargano, Esquire                        *VIA ELECTRONIC MAIL*
Melissa M. Haulcomb, Esquire
Rebekah Hill, Esquire
Jared R. Lund, Esquire
K& L GATES LLP
70 West Madison Street, Suite 3300
Chicago, IL  60602
*Attorneys for Plaintiff*

Erik J. Halverson, Esquire                         *VIA ELECTRONIC MAIL*
K& L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA  94111
*Attorneys for Plaintiff*

/s/ *Brian P. Egan*
_____
Brian P. Egan (#6227)

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused to be served copies of the foregoing document on November 21, 2025, upon the following in the manner indicated:

Philip A. Rovner, Esquire                                    *VIA ELECTRONIC MAIL*
Andrew M. Moshos, Esquire
P. Andrew Smith, Esquire
POTTER ANDERSON & CORROON LLP
P.O. Box 951
Wilmington, DE 19899
*Attorneys for Plaintiff*

Jeffrey R. Gargano, Esquire                                  *VIA ELECTRONIC MAIL*
Melissa M. Haulcomb, Esquire
Rebekah Hill, Esquire
Jared R. Lund, Esquire
K& L GATES LLP
70 West Madison Street, Suite 3300
Chicago, IL 60602
*Attorneys for Plaintiff*

Erik J. Halverson, Esquire                                   *VIA ELECTRONIC MAIL*
K& L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
*Attorneys for Plaintiff*


                                          */s/ E. Paul Steingraber*
                                          _____
                                          E. Paul Steingraber (#7459)